No. 32.—Augustine C. Rogers, plaintiff in error, *vs.* John S. Parham, defendant.

[1.] Where P entered into a special written contract with R as an overseer, for the year 1847, and was to receive a stipulated portion of the crop, at the *end of the year,* for his services, and in the month of August of that year, R dismissed P from his employment, without sufficient cause or provocation, whereupon P, in the month of November, of the same year, instituted his action against R, to recover damages for a breach of the contract; *Held,* that the action for damages for a breach of the contract, on the part of the

Rogers *vs.* Parham.

defendant, was not *prematurely* brought; and that in regard to this particular class of special contracts, when the overseer or agent is *wrongfully* dismissed from the service of his employer, he has his election of three remedies: 1st. He may bring an action, *immediately,* for any *special injury* which he may have sustained in consequence of the breach of the contract by the defendant; 2d. He may wait until the termination of the period for which he was employed, and then sue upon the contract and recover his whole wages; 3d. He may treat the contract as rescinded, and may *immediately* sue on a *quantum meruit,* for the work and labor he actually performed.

Case, in Crawford Superior Court.    Tried before Judge Floyd, August Term, 1849.

This was a special action, on the case brought by John S. Parham against Augustine C. Rogers, for the breach of a contract, in writing, by which Parham was bound to act as overseer for Rogers, for the year 1847, in consideration of which he was to receive a certain portion of the corn, cotton, fodder and wheat made on the farm. The breach alleged (in three counts, varied,) was that Rogers, about the 12th August, 1847, peremptorily and without cause, dismissed Parham from his employment, to his damage $500. Several pleas were filed, unnecessary to be referred to particularly.

On the trial, before the cause was submitted to the Jury, Rogers, by his counsel, moved a non-suit, on the ground that the action was commenced before the cause of action accrued—the agreement being for the year 1847, and the suit being commenced on 29th November, 1847. The Court overruled the motion, and defendant excepted.

The evidence showed, that a difficulty had arisen between the parties; Parham abused him, when Rogers insisted on Parham's quitting his business; that Parham at first refused to do so; that subsequently he left, and they agreed to refer the matter to arbitrators. James Stephens, a witness for plaintiff, swore that both parties told him they had agreed to quit and leave it to men; and E. L. Harris swore, that defendant told him that plaintiff proposed to quit and leave it to men. It was also proven, that defendant, Rogers, while he wished it settled, refused to let Parham return to work and gather the crop, when the latter proposed it, saying, "We agreed to quit and arbitrate, and you can't go to work." The arbitration failed, because one arbitrator refused to

Rogers *vs.* Parham.

act, unless Rogers would be *sworn* to abide the award. The latter pledged his word and honor, but had religious scruples as to *swearing*. One witness says, Rogers gave as a reason for his said last refusal, that Parham had proposed, that " as they could not agree, to leave it to men." Another witness adds, that Rogers farther said, he was willing to go into the arbitration and abide the award, without either party being sworn.

Plaintiff having closed, defendant moved a non-suit, on the ground that plaintiff's own witnesses showed that he left voluntarily, and that the contract was mutually rescinded; and there was no count in plaintiff's declaration, except for a breach of the contract, and none under which the contract could be apportioned. The Court overruled the motion, and defendant excepted.

The Court charged the Jury, that if they believed from the testimony, the parties mutually agreed to rescind the contract before the end of the year, the plaintiff in this form of action was not entitled to recover; but if defendant dismissed plaintiff, without sufficient cause or provocation, the plaintiff was entitled to recover the damages actually sustained. To this charge defendant excepted. The Jury found a verdict for the plaintiff.

A motion was made for a new trial, on the ground that the verdict was contrary to law and evidence; which motion the Court overruled, on the ground that there was some evidence to support the verdict, and there were two concurring verdicts of Special Juries.

To this decision defendant excepted, and these several decisions are alleged as error.

HUNTER and HAMMOND, for plaintiff in error, cited—

*Chitty's Pl.* 289 *and note*, 372. *Dudley's R.* 91. 12 *John.* 166. 19 *Ib.* 337. 4 *McCord*, 246, '9. 2 *Hill*, 477. 2 *Smith's Lead. Cas.* 24. 5 *Bos. & Pul.* 61. 7 *Ga. Rep.* 283. 4 *Ib.* 193. *Graham on New Trials*, 278. 34 *E. C. L. R.* 154.

G. J. GREEN and S. HALL, for defendant in error, cited—

7 *Hill's* (*N. Y.*) *Rep.* 75. 14 *Vert. R.* 311. 1 *Hill*, (*N. Y.*) 487. 11 *Wheat.* 237. *Chitty on Bills*, 370, 371. *Buller's N. P.* 269. 3 *East*, 481. 3 *J. R.* 202. 4 *Ib.* 144. 5 *Ib.* 375. 3 *Mass.* 557. 8 *Ib.* 461. 2 *Smith's Lead. Cas.* 22. 2 *C. & P.* 37.

12 *E. C. L. R.* 177. *Graham on New Trials*, 541, *et seq.* 5 *Mees. & Welbs.* 279.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] There are but two questions presented by the record in this case, for our judgment. 1st. Did the Court err in refusing to non-suit the plaintiff? It appears that the plaintiff and defendant entered into a written, special contract, by which the former was to act as the overseer of the latter, for the year 1847, and to receive a stipulated portion of the crop for his services. The plaintiff alleges that the defendant, in the month of August, dismissed him from his employment, and this suit was instituted in November, 1847, to recover damages from the defendant, for a breach of his special contract. The defendant insisted, that the plaintiff should be non-suited, because the action was *prematurely* brought; that the action could not be maintained against the defendant for a breach of the contract, until the expiration of the year 1847. We are of the opinion the Court below properly overruled the motion for non-suit. In regard to this particular class of special contracts, we adopt the rule stated by *Smith, in his note to the case of Cutter vs. Ponell.* When the overseer or agent is *wrongfully* dismissed from the service of his employer, he has his election of three remedies.

1st. He may bring an action, immediately, for any *special injury* which he may have sustained, in consequence of a *breach* of the contract.

2d. He may wait until the termination of the period for which he was employed, and then sue upon the contract and recover his whole wages.

3d. He may treat the contract as rescinded, and may *immediately sue*, on a *quantum meruit*, for the work and labor he actually performed. 2 *Smith's Leading Cases*, 27.

Here, the plaintiff has elected to sue immediately for the *special injury*, which he alleges he has sustained by the breach of the defendant's contract, as was done in the case of *Masterton vs. The Mayor of Brooklyn*, (7 *Hill's N. Y. Rep.* 61.) That the plaintiff might have sued before the end of the year, for any *special injury* which he may have sustained in consequence of the defendant's breach of the contract, I do not doubt; but inasmuch

as the plaintiff in this case has alleged no *other injury*, arising from the *breach* of the contract, than that stipulated by the contract itself, to wit: the non-payment to him of the value of his part of the crop, I have a doubt in my own mind, whether this is not substantially an action on the contract itself, to recover the plaintiff's share of the crop, stipulated by that contract, to be paid him at the *end of the year*. However, my brethren are very clear, that it is an action for a *breach* of the contract, and, as I believe substantial justice has been done between the parties by the verdict, I concur with my brethren in their judgment, in overruling the motion for a non-suit.

The second ground of error taken, is to the charge of the Court to the Jury. The Court charged the Jury, that if the parties mutually agreed to rescind the contract, before the end of the year, the plaintiff in this form of action was not entitled to recover; but if the defendant dismissed the plaintiff from his service, without sufficient cause or provocation, the plaintiff is entitled to recover whatever damages he has actually sustained. As to the fact of the parties mutually agreeing to rescind the contract, the testimony was *conflicting*, and that question was properly left to the Jury. We are of the opinion there was no error in the charge of the Court to the Jury, in point of law.

Let the judgment of the Court below be affirmed.