Echols & Company, plaintiffs in error, *vs.* Frank E. Flemming, defendant in error.

In an action by a discharged employee for the year's wages, where both parties have introduced evidence, the jury should not be charged that the plaintiff must show himself without fault. The charge, that it was for the jury to determine from the facts proved, whether the plaintiff was guilty of such conduct, or neglect of duty, as to authorize the defendants to discharge him, was, so far, correct.

Contracts. Charge of Court. Master and Servant. Before Judge Tompkins. Richmond Superior Court. October Term, 1876.

Fleming brought complaint against Echols & Company for $1,100.00, for services rendered as book-keeper and warehouseman from September 1st, 1875, to September 1st, 1876. The defendants pleaded that the plaintiff voluntarily discharged himself; also, a tender of the amount due him for services to the time of such discharge.

Counsel on both sides agreed as to the law of the case, except that defendants' attorney insisted that plaintiff had to show himself without fault to recover the year's salary, whilst plaintiff's attorney urged that it was a question for the jury whether the facts authorized plaintiff's discharge or not. Evidence was submitted by both parties, which it is admitted was sufficient to sustain the verdict if the law applicable thereto was correctly administered.

Defendants' attorney asked the court to charge the jury that the plaintiff must show himself without fault to entitle him to recover a year's salary, which request the court refused, and charged the jury that it was for them to deter-

mine, from the facts proven, whether the plaintiff, as clerk and employee of the defendants, was guilty of such conduct or neglect of duty as to authorize defendants to discharge him.

The jury found for the plaintiff the amount sued for, less certain credits about which there was no dispute.

The defendants excepted to the charge as given, and to the refusal to charge.

FRANK H. MILLER, for plaintiffs in error.

H. D. D. TWIGGS, for defendant.

BLECKLEY, Judge.

When the action was by a discharged employee, and was brought to recover the stipulated wages for the whole term, less partial payments, the court properly refused to charge the jury that the plaintiff "must show himself without fault." Even if his freedom from fault would not be presumed unless the contrary appeared, it would be sufficient for it to be inferable from all the evidence taken together, evidence having been introduced by both parties—12 *Ga.*, 142. The court properly charged, that it was for the jury to determine, from the facts proved, whether the plaintiff was guilty of such conduct or neglect of duty as to authorize the defendants to discharge him. If the defendants desired the court to add rules of law to guide the jury in discriminating conduct or neglect which would warrant discharge, from that which would not, a request should have been made to amplify the charge in that respect.

Unless the plea, that the plaintiff voluntarily discharged himself, means, not that he withdrew of his own accord, but that he gave good cause for the defendants to discharge him, the case must have been tried on a somewhat different line of defense from any that we find in the record. If so, we may suppose it was by consent, as most of the law of the case was agreed on between counsel.

Judgment affirmed.