## ROBERTS, surviving partner, *vs.* RIGDEN.

1. Though suit be brought before the term of hiring expired, yet the recovery may embrace all the damages down to the expiration of the term, the trial being had after the whole of such damages became susceptible of definite proof—that is, after the term expired.
2. That the verdict was too small is no injury to the defendant, and no cause for a new trial at his instance.
3. The finding of the jury to the effect that defendant had no right to discharge the plaintiff at pleasure, under the contract for 1887, was warranted by the evidence.

December 8, 1888.

Actions. Damages. Evidence. Verdict. New trial. Contracts. Master and servant. Before Judge VAN EPPS. City court of Atlanta. June term, 1888.

On April 14, 1887, A. D. Rigden sued May & Roberts, doing business as the May Utility Works, for $370.50 as damages for breach of contract of employment, together with $5.00 money had and received, and $12 unpaid wages. Defendants pleaded the general issue; that the plaintiff, after his discharge and up to the expiration of the term for which he claimed that he was employed, had earned more than the amount for which he sued; and that if he had not done so, it was because of lack of proper effort to obtain employment.

On the trial, which was in January, 1888, plaintiff showed that he had been employed by defendants from July, 1886, to January, 1887, at $1.25 per day; that the superintendent of defendant's factory, who had full authority to do so, then re-engaged him for 1887 at $1.50 per day; that this was known to and approved by defendants; that plaintiff was discharged on March 18th, 1887, without fault on his part, and had not been paid wages from that time on by defendants; that he had made numerous efforts to obtain work and had suc-

ceeded in earning during 1887, after his discharge, only about $67.00; and that after he had been with defendants some time in 1887, they began to keep back part of his wages on an old bill, against which he protested but did not do anything about it. He swore that he did not remember whether he had ever signed a written contract with defendants; one was given him to sign, but if he ever signed it he did not think it was delivered. This evidence referred to what transpired before his engagement with Crowley for the year 1887.

Defendants showed that plaintiff was first employed in the year 1886, under a written contract signed by him. He was re-engaged for 1887, by Crowley, no change being made in the terms of his employment, as reported by Crowley, except to increase his wages to $1.50 per day. One of defendant's witnesses swore that he had heard Mr. May say (May being dead at the time of the trial) that when Rigden was employed, it was with the understanding that he would allow $15.00 to be retained from his wages to pay an old debt which May had assumed for him, but he refused to allow it, and hence May discharged him.

Defendants introduced a copy of the alleged written contract with Rigden for 1886 (the original being lost), which it is not necessary to set out. It contained a stipulation that May & Roberts reserved the right to discharge him whenever they were not satisfied to retain him. They also introduced a check given by May & Roberts to plaintiff or bearer, on December 20, 1886, for $15.00, on the Merchants' Bank of Atlanta, delivered to McMillan & Son and paid by the bank December 23, 1886.

May died before the trial and the cause proceeded against Roberts, surviving partner. The jury found for plaintiff $200.00 Defendant moved for a new trial on the following grounds:

(1)–(3) Verdict contrary to law and evidence.

(5) Error in not charging upon the following material issue: If there was a written contract between the parties as to the terms and conditions of service of Rigden, the terms and conditions of said written contract could not be changed by parol agreement made between the parties destroying the effect of said contract, unless it should clearly appear that both parties understood that said contract was at an end, null and void.

(6) Because the jury based the verdict in no wise upon any charge of the court or upon any reasonable construction of any evidence in the case, but said verdict was a matter of compromise without regard to the charge of the court or the evidence in the case, and in this was contrary to law, justice and equity.

The motion was overruled, and defendant excepted.

Milledge & Blalock, for plaintiff in error

Alexander & Turnbull, *contra.*

Bleckley, Chief Justice.

Employed for the year to work in furniture factory at $1.50 per day. Discharged before first quarter expired. Suit for damages by breach of the contract, the discharge alleged to be without cause. Action commenced before the year expired. Damages laid at $370.50. Trial had after the year expired. Verdict for $200.00. Evidence showed that plaintiff realized $67 from other employment after discharge and before the end of the year. No evidence of want of diligence to procure other employment. There had been in the previous year the same relation between the parties at less wages. Most probably the contract for the previous service was in writing, with a stipulation that defend-

ants could discharge plaintiff whenever not satisfied to retain him.    The alleged writing had been lost at the time of trial.    Whether in the subsequent parol contract (the one sued on), the terms of the writing as to discharge were adopted is uncertain.    The defendant's justification for the discharge turned on that question, and the jury must have found in the negative.

1. That the state of facts down to the time of trial, or rather down to the expiration of the term of hiring, the trial having been had afterwards, could be considered in order to ascertain the plaintiff's damages resulting from the alleged breach, was ruled at the present term in the case of *Roberts vs. Crowley*, (*ante*, p. 429.)  Though the action was commenced long before the term ended, yet all the damages resulting from the breach, up to the limit of the agreed wages, which the plaintiff could prove when the trial took place, could be recovered.    If the plaintiff was in no default after the breach, and could make nothing from other employment, his damages were equal to the agreed wages.    Whether in default or not and he made something, what he made went to lessen his damages.    What he could or did make became susceptible of accurate proof by reason of the term of hiring having expired when the trial was had.    The lapse of time did not make his damages any greater than they were at the time of the breach, but only rendered them more certain and susceptible of accurate estimation.    Before the year expired they were, in part, only probable, and if the trial had taken place during the year, the whole damage would not have been capable of proof.    But when the trial in this case, as well as in *Roberts vs. Crowley*, took place, the whole could be proved, and nothing was left to conjecture or future probability.

2. The verdict was for less than it might have been,

and the motion for a new trial suggests that it should have been more or nothing. That it was for something shows that the jury believed the facts were so far with the plaintiff as to entitle him to maintain his action. The defendant certainly has no right to a new trial because the verdict was too small.

3. The controlling question of fact in the case was, whether the terms of the alleged written contract for 1886 became by stipulation a part of the agreement for 1887. No witness testified positively to the affirmative of this question, and unlike the case of *Roberts vs. Crowley* (*supra*), there was no writing produced from which the affirmative could be reasonably inferred. It was the written recommendation for other employment which was the main factor in the case just referred to in showing that the right of discharge was recognized by both sides and acted upon, but here there was no such element. On the contrary, the matter in dispute was doubtful and the jury solved the doubt in favor of the the plaintiff and against the defendant.

The court did not err in refusing a new trial.

Judgment affirmed.