Cox, Hill & Thompson *et al. v.* Bearden.

1. Wages, as such, may be recovered in this State by a clerk or other employé wrongfully discharged before the expiration of his term, the suit being brought after the term expired. Money thus recovered will be exempt from garnishment where wages earned by actual service would be so exempt.
2. Money exempt from garnishment in the hands of the employer is exempt from seizure by other process, such as a rule against the sheriff, while passing from the employer to the employé.

Simmons, J., not presiding, because of sickness.

January 24, 1890.

Rule. Garnishment. Wages. Before Judge Lump-kin. Morgan superior court. September term, 1889.

John A. Bearden sued M. A. Hammond for $240, which he alleged to be due him as clerk at $40 per month from Feb. 1st to Sept. 1st, 1887. The case was tried, and on conflicting evidence as to the value of Bearden's services, and the time for which he was engaged, a verdict was rendered for him, amounting, principal and interest, to $182.32, which, by direction

of the court was, on April 30th, 1889, written down by
Bearden's attorneys, in order to prevent the grant of a
new trial, to $120 principal, and $14.80 interest. A *fi.
fa.* issued on this judgment was placed in the sheriff's
hands, and without a levy, Hammond, on April 29th,
1889, paid to that officer upon the execution $151.79,
which, after deducting all legal costs, left $136.04 prin-
cipal and interest in full. At the time of this pay-
ment, the sheriff had in his hands *fi. fas.* of Cox, Hill &
Thompson *et al.* against Bearden, with notice to hold
all moneys belonging to Bearden coming into the
sheriff's hands, to be applied to these *fi. fas.* To a rule
brought by Bearden against the sheriff the plaintiffs
in these *fi. fas.* were made parties, and the contest was
between them and Bearden as to the distribution of
this money. The contestants agreed to submit the
questions arising in the case to the presiding judge
without the intervention of a jury; and on the hear-
ing, he decided that the money should be paid over to
Bearden, and that he recover costs of the other contest-
ants; to which decision the latter excepted.

FOSTER & BUTLER, for plaintiffs in error.
MCHENRY & MCHENRY, *contra.*

BLECKLEY, Chief Justice.

The facts of this case are sufficiently stated in the
official report. By the code, §3554, "All journeymen
mechanics and day-laborers shall be exempt from the
process and liabilities of garnishment on their daily,
weekly or monthly wages, whether in the hands of
their employers or not." Under this section, it has been
several times ruled that the monthly wages of a clerk
are embraced in the exemption. See cases cited in
*Abrahams* v. *Anderson,* 80 *Ga.* 570. The exemption in
this case is resisted on two grounds.

. 1. The first is that the money paid to the sheriff by

Hammond on the *fi. fa.* against him in favor of Bearden was not wages, but damages recovered for the breach of a contract of employment made by Hammond with Bearden for the services of the latter as a clerk. It appears, however, that although Bearden was discharged, he brought an ordinary action after the term for which he was employed had expired, predicating it upon an open account for a balance of wages due him at forty dollars per month. He recovered on that action, and it seems well-settled by decisions of this court that the action was well brought for wages, notwithstanding he was prevented by a wrongful discharge from actually rendering the services sued for. *Blun* v. *Holitzer*, 53 *Ga.* 82; *Isaacs* v. *Davies*, 68 *Ga.* 169; *Waxelbaum & Co.* v. *Limberger*, 78 *Ga.* 43. And see *Echols* v. *Fleming*, 58 *Ga.* 156; *Newman* v. *Reagan*, 63 *Ga.* 755; *Howard* v. *Chamberlin*, 64 *Ga.* 684; *Newman* v. *Reagan*, 65 *Ga.* 512; *Kennedy* v. *McCarthy*, 73 *Ga.* 346. The state of our law on the subject seems to be this: that where a servant is wrongfully discharged after rendering a portion of the services contracted for, he can, by waiting until the expiration of the term, bring his action for wages as though he had actually performed his contract, and will, *prima facie*, be entitled to recover wages at the rate stipulated in the contract; but the employer may reduce the recovery by so much as the servant did earn, or could, by the use of ordinary diligence, have earned in other employment of like kind, the burden of proving the facts requisite to establish such reduction being upon him, the employer. The doctrine of constructive service recognized by Lord Ellenborough in *Gandell* v. *Pontigny*, 4 Camp. 375, still prevails in Georgia, and as to overseers is expressly recognized by the code, §2217, though the doctrine seems to be generally denied, or at least doubted, as sound law both in England and this country. 2

Chitty Con. 855; Smith M. & S. 188–196; Wood M. & S. §127, p. 254; Schouler's Dom. Rel. §472; MacD. M. & S. 193–194; Smith's L. C., mar. pp. 45–46, in notes to Cutter v. Powell.  Abiding by our own cases, we hold that the suit in question was for monthly wages, and that the money collected as a consequence was compensation realized upon a contract for services as a clerk.  Whether, if the suit and recovery had been for damages for the breach of such a contract by discharging the clerk, the money would have stood in lieu of wages and thus have been exempt from garnishment by an equitable construction of the statute, we need not consider.

2. The second ground of resistance to the exemption claimed is that the statute is confined to garnishment and does not operate unless the fund is brought into court by that process.   Here garnishment was not used, but the payment was made voluntarily by the employer to the sheriff upon the judgment and *fi. fa.* in favor of the clerk.   True, the letter of the statute is confined to garnishment, but the substantial matter contemplated by the legislature was the exemption of wages from seizure by the laborer's creditors, and garnishment was specified particularly only because it was the usual means of making such seizures.   In this instance the creditors attempted to make it through a rule against the sheriff brought by the clerk himself and to which they caused themselves to be made parties.   We think that if they could not reach the fund by garnishment, they could not do it by using a rule as a substitute for garnishment.   As the fund was exempt while in the hands of Hammond, his payment of it to the sheriff was equivalent to paying it to the plaintiff, Bearden. The sheriff was the agent appointed by law to receive it for Bearden, and it is no more subject to be taken from the sheriff than it would be from any other agent

who had received it in behalf of Bearden. Though it had not actually reached him it was on its way to his hands. Had the money been brought in by garnishment, Bearden could have withdrawn it by rule against the sheriff. *Curran* v. *Fleming*, 76 *Ga.* 98. We think it makes no difference that it was brought in by other means.                    *Judgment affirmed.*