## JARRELL *et al.* v. KING.

Where the general grant of a new trial, though from a third finding for the same party, is well-warranted on the main ground that the verdict is contrary to evidence, other grounds not controlling as to the merits of the case may be left open for re-examination should they arise again when the new trial is had. The trial court having undertaken to correct its own errors will probably correct all.

SIMMONS, J., not presiding, because of sickness.

January 24, 1890.

New trial. Practice. Before Judge LUMPKIN. Greene superior court. September term, 1889.

Reported in the decision.

J. C. HART and H. McWHORTER, for plaintiffs.

H. T. LEWIS, for defendant.

BLECKLEY, Chief Justice.

Notwithstanding that this was the third verdict for the plaintiffs below, we think the trial judge was well-warranted in granting a new trial on the ground that the verdict was contrary to evidence. There may also have been other grounds upon which his ruling might have been based; but as the assignment of error in the bill of exceptions is only that the court erred in granting a new trial, we need not go further at present than to rule, as did the presiding judge, that all the grounds of the motion taken together made a new trial proper, leaving the errors, if any, committed on the former trial to be corrected in the progress of the new

trial which has been ordered.    To discuss the case now on its merits, whilst it is pending below for another trial, would accomplish no good, for there is no certainty that the evidence will be the same hereafter as heretofore, or that the same points will be raised in the subsequent trial as those which have been presented in connection with the main ground that the verdict was contrary to evidence.    Not even is it certain that the same judge will preside, the judge who last tried the case not being the judge of the circuit.    When a new trial has been properly granted, not on any specific ground, but on the motion as a whole, it is safe to presume that it is done for the purpose of correcting any and all errors brought to the attention of the court in the motion.    *Hunt* v. *Railroad Co.*, 59 *Ga.* 880.

*Judgment affirmed.*