## CITIZENS BANK OF ADRIAN *v.* SOUTHERN SECURITIES AND FINANCING COMPANY.

1. The petition set forth a cause of action for the breach of an executory contract to render service. If an agent after entering into the service of his employer is wrongfully discharged, he may bring an action immediately for any special injury which he may have sustained in consequence of the breach of contract by the employer.
2. The allegations of the amendment to the defendant's answer were insufficient to entitle the defendant to have its contract with the plaintiff reformed.
(a) Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument.
3. The measure of damages for the breach of an executory contract to render service is the actual loss sustained by breach of the contract, and in estimating the amount all the facts down to the time of trial may be considered. The evidence authorized the verdict, and the court did not abuse his discretion in refusing a new trial.

FEBRUARY 10, 1915.

Complaint. Before Judge Rawlings. Emanuel superior court. October 17, 1913.

*Larsen & Larsen,* for plaintiff in error.

*Faircloth & Claxton,* contra.

EVANS, P. J. The Southern Securities and Financing Company brought a suit against the Citizens Bank of Adrian, Georgia, alleging that the bank employed the plaintiff by written contract to act as its financial agent for the term of five years from October 1st, 1909, for an annual compensation of $300. The plaintiff rendered all the services therein stipulated, up to and until the 1st day of April, 1912, when the defendant wrongfully discharged the plaintiff and refused to allow it to carry out its contract, notwithstanding its offer to do so. The plaintiff had been paid for its services up to the time of the defendant's breach of the contract. The plaintiff alleged that it was entitled to recover as special damages the full amount which it would have been permitted to earn under the contract had it not been breached by the defendant, for the reason that it had already secured for the defendant its correspondents and financial connections, and had equipped itself with competent and experienced accountants for the purpose of examining the books, papers, and business of the defendant bank from

time to time as requested, or when needed, and that the plaintiff would be required under its contract to keep these accountants for this service until the expiration of its term of employment by the bank, to its injury and damage in the sum of $750. It was further alleged that, should it be held and determined by the court that the plaintiff can only recover damages as the years expire, it should have judgment for the sum of $150 besides interest from the 1st of October, 1912; but should it be held and determined that the plaintiff is entitled to sue and recover, as special damage, the entire sum that plaintiff would be entitled to for the full term of its employment, then it prays judgment for the same. The defendant demurred to the petition, pleaded that the suit should be abated because prematurely instituted, and filed an answer. The court overruled the demurrer, and struck the defendant's plea in abatement and certain paragraphs of the answer. The case proceeded to trial, and a verdict was rendered for the plaintiff in the sum of $350, which the court refused to set aside on motion.

1. The plaintiff's action is for breach of an executory contract. Substantially the contract is one of hiring; and the rule is well established that if an agent is wrongfully discharged from the service of his employer, he may bring an action immediately for any special injury which he may have sustained in consequence of the breach of contract by the defendant. *Rogers* v. *Parham,* 8 *Ga.* 190. The plaintiff alleged, that it had performed its contract in providing suitable correspondents and bank connections for the defendant; that it had provided itself with accountants for the purpose of performing its duties of inspecting the bank's affairs agreeably to the terms of the contract; and that the defendant by breaching the contract had specially endamaged it in the sum which the defendant had contracted to pay for the plaintiff's services under the contract. The petition set out a cause of action. *Roberts* v. *Crowley,* 81 *Ga.* 429 (7 S. E. 740); *Roberts* v. *Rigden,* 81 *Ga.* 440 (7 S. E. 742); *Equitable Loan &c. Co.* v. *Knox,* 131 *Ga.* 627 (62 S. E. 1030).

2. On the day the contract was signed the parties made a supplemental agreement, both signing it, stipulating for an increased allowance of expenses at the end of the first year, or whenever the earnings of the bank justified the same and the board of directors of the bank considered it advisable to pay the increased cost. The

defendant proffered an amendment to its answer, alleging, that this modification of the contract was prepared by the president of the plaintiff company, and it was agreed that the supplemental contract should contain a provision that the plaintiff should keep down any opposition to the bank at Adrian, Georgia, by guaranteeing that no other banking institution should be organized in that town during the continuance of the contract, and that the plaintiff should give to the defendant bank its undivided and loyal support; that the president of the plaintiff company failed and refused to incorporate this stipulation in the contract before delivering it to the defendant, which fact was unknown to the defendant until suit was brought for breach of the contract; that the failure of the plaintiff's president to incorporate all of the agreement in the writing constituted a fraud upon the defendant, and the contract should not be enforced until it was reformed in accordance with the actual agreement of the parties, and there was a prayer for such reformation; and that by reason of the plaintiff's not complying with the omitted cross-obligation it had endamaged the defendant in the sum of $1,000, or other large amount, which it asked to recoup from the plaintiff. This amendment was properly disallowed by the court. The only allegation relied upon to constitute fraud is the omission by the president of the plaintiff company to include in the contract an obligation to stifle competition with the defendant bank in the town in which it did business. Pretermitting a discussion of the validity of such a covenant, the mere omission to include it in the contract under the circumstances alleged in the amendment does not constitute fraud. It is not charged that the defendant was deceived by any representation made by the president of the plaintiff company. The addendum to the contract was embraced in very few lines, signed by the officers of the bank, who had full opportunity to examine its contents, and who retained and kept the same, and who made no complaint that the written contract did not contain the full agreement of the parties until after it had been sued on by the plaintiff. It is contended that the omitted obligation of the plaintiff could be shown by parol, upon the allegation that the written contract rested partly in parol and partly in writing. The written contract shows on its face that it was a complete agreement. Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the

absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument. *Forsyth Manufacturing Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28) ; *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711).

3. There was evidence tending to show that the plaintiff had offered to comply with its contract, and that it was wrongfully prevented from so doing by the conduct of the defendant. The measure of damage in such cases is the actual loss sustained by breach of the contract, and in estimating the amount all the facts down to the time of trial may be considered. *Roberts* v. *Crowley,* supra. It appeared that the plaintiff had in its employment competent accountants, and that at the time of the trial a sufficient time had elapsed since the last payment for an accrual of salary in excess of the damages allowed by the jury. The verdict was authorized by the evidence. Assignments of error not specifically noticed are embraced in the foregoing rulings, which control the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*