Inter-Southern Life Insurance Company *v.* Wilkinson; *et vice versa.*

Atkinson, J.　F. L. Wilkinson entered into certain contracts with the Citizens National Life Insurance Company, a corporation organized under the laws of the State of Kentucky, whereby he would become superintendent of agencies for the writing of insurance in the State of Georgia, and receive for his compensation certain percentages of premiums upon policies procured through his agency, as well as certain monthly salaries. The contracts did not specify how long they should continue, but contained this provision: "This agreement may be terminated at any time by either party hereto, but nothing herein contained shall operate as a forfeiture of commissions payable herein that may accrue after the termination of this contract." As a result of working under the contract for several years there was a large amount of premiums payable to the company, on which Wilkinson would be entitled to certain percentages upon insurance written through his instrumentality, if the policies should be kept in life by payment of the premiums by the persons insured, and the amount of business written by Wilkinson was such as to make it an established paying enterprise. While the status was such as described above, the Citizens National Life Insurance Company, without the consent of Wilkinson, filed an application, under the laws of Kentucky, to be consolidated with another insurance company organized under the laws of that State, called the Inter-Southern Life Insurance Company, and the two companies were duly consolidated under the name of the latter company. The law of Kentucky allowing such consolidation provides, among other things: "When the agreement is signed, acknowledged, and recorded in the same manner as articles of incorporation are required to be, the separate

existence of the constituent corporations shall cease, and the consolidated corporations shall become a single corporation in accordance with the said agreement and subject to all of the provisions of this chapter and other laws relating to it, and shall be vested with all the rights, privileges, franchises, exemptions, property, business, credits, assets, and effects of the constituent corporations, without deed or transfer, and shall be bound for all their contracts and liabilities." After the consolidation of the two corporations Wilkinson was unwilling to carry on business with the consolidated company under the contracts hereinbefore mentioned, and instituted an action against the Inter-Southern Life Insurance Company, making, among others, allegations just set forth in brief, and charging that the effect of the consolidation of the two corporations was to cause the Inter-Southern Life Insurance Company to assume responsibility for the contracts which he had with the Citizens National Life Insurance Company, and to cause a breach of such contracts by the Citizens National Life Insurance Company, on the basis that by entering into the consolidation it had voluntarily put itself in a position where it could not carry out its contract with its policyholders, or its contract with Wilkinson; and on the strength of the alleged breach it was charged that the Inter-Southern Life Insurance Company was liable to the plaintiff in a stated sum for the present cash value of percentages of premiums which would have been payable to the plaintiff upon policies written through his instrumentality had the consolidation not occurred, and for another stated amount alleged to be the market value of the plaintiff's business. The prayers were for an accounting, and a judgment for the respective amounts of damages alleged. The defendant filed a demurrer upon general grounds, with a number of elaborate paragraphs. The court sustained the demurrer to so much of the petition as sought to recover damages for injury to the plaintiff's business, and overruled the demurrer upon all other grounds. The defendant excepted, and the plaintiff filed a cross-bill of exceptions. *Held,* that as the contract of agency contained no provision for its duration for a fixed term, but expressly provided that it might be terminated by either party at will, the fact that the Citizens National Life Insurance Company entered into a consolidation with the Inter-Southern Life Insurance Company did not constitute a breach of the contract of agency for which Wilkinson could recover damages.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

AUGUST 31, 1917. REHEARING DENIED SEPTEMBER 17, 1917.

Action for damages ex contractu. Before Judge Bell. Fulton superior court. April 10, 1916.

*Tye, Peeples & Tye,* for plaintiff in error in main bill of exceptions.

*Little, Powell, Smith & Goldstein,* contra.