## WILKINSON *v.* INTER-SOUTHERN LIFE INSURANCE COMPANY.

The amendment set forth a cause of action for renewal commissions earned, due, and unpaid at the time of the filing of the suit, and the court erred in dismissing it upon general demurrer.

No. 1076. JULY 17, 1919.

Action for accounting. Before Judge Pendleton. Fulton superior court. June 13, 1918.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*Tye, Peeples & Tye,* for defendant.

GEORGE, J. This case was before this court at the March term, 1917. *Inter-Southern Life Insurance Co.* v. *Wilkinson,* 147 *Ga.* 283 (93 S. E. 406). The allegations of the plaintiff's petition, as it then stood, and the grounds of the defendant's demurrer thereto are sufficiently set forth in the decision rendered by this court in that case. It will be noted that the several grounds of demurrer had been ruled upon by the court below, and that exceptions to all rulings were taken either by the defendant below in the main bill of exceptions or by the plaintiff in his cross-bill. The judgment of the trial court was reversed on the main bill of exceptions, and affirmed on the cross-bill. This decision was an end to the case as to everything covered by the rulings of the trial judge, whether specifically noted by this court or not. *McWilliams* v. *Walthall,*

77 *Ga.* 7. It is to be noted, however, that the court sustained the demurrer to so much of the petition as sought to recover damages for the injury to the plaintiff's business, and overruled the demurrer upon all other grounds. After the decision by this court and before the remittitur in the cause had been made the judgment in the court below, the plaintiff filed an amendment to his petition, further amending with respect to those matters and things set out in his original petition which the trial court adjudged to be good as against demurrer. Final judgment, therefore, had not been rendered upon so much of the petition as sought to recover "the present cash value or percentages of premiums which would have been payable to the plaintiff on policies written through his instrumentality had the consolidation not occurred." It is of course settled that after the Supreme Court has decided that the trial court erred in overruling a demurrer, the petition may be amended before the remittitur is entered upon the minutes of the trial court; and if the amendment makes a case which entitles the complainant to relief, it is error to reject it and dismiss the action. *Mills* v. *Boyd Lumber Co.,* 148 *Ga.* 23 (95 S. E. 698). The amendment alleged in substance that under the contracts exhibited to the original petition the plaintiff's renewal commissions were expressly made non-forfeitable by a termination of the contract, whether the termination be by the voluntary act of either of the parties to the contract, as stipulated in the contract, or by a breach of the contract; that at the time of the filing of the original suit $4,000 of these renewal commissions had accrued and were due and unpaid, according to the information and belief of the plaintiff; but that the true and full amount actually due and owing him on account of such commissions could be ascertained only in an equitable accounting. To so much of the amendment as related to the claim for commissions, accrued, due, and unpaid, the defendant demurred on the ground that it set forth a new and distinct cause of action, contending that the original suit was for a breach of the contract, while the amendment, with respect to the commissions just above mentioned, declared on the contract. An examination of the original petition discloses that the plaintiff sought to recover an item of $50,000 as renewal commissions on policies written by him, or those in his employment, but there was no distinct allegation that any of these commissions were actually due and unpaid. The fifth ground of

the defendant's demurrer to the petition as it stood at the time of the former decision by this court in this case is as follows: "Because said petition is prematurely brought, there being no sufficient allegation of breach of contract, nor, in the absence thereof, of any sum due by defendant to plaintiff, at the time of the filing of the suit." This court held that this ground of the demurrer should have been sustained. The plaintiff's cause of action, with respect to the matter now considered, was essentially and necessarily the performance of labor and service for the defendant company, detailed in the original petition, and the defendant's express promise to pay for the same. It is true that the theory of the plaintiff's original case was that his entire claim for renewal commissions was then due and owing because of the alleged breach of the contract by the defendant. However, the breach of the contract was not the cause of action. The cause of action, as already stated, was services rendered under the contract. In the opinion of this court he could not sue as for an anticipatory breach of the contract and have a recovery on account of the renewal premiums which would accrue in the future and after the filing of the suit. The court proceeded upon the theory that there was no breach of the contract, but that the contract was legally terminated, under the provisions of the contract for its termination by either party thereto. So far as the amendment sought to recover commissions past earned, but which under the operation of the contract would not have been payable until after the suit was filed, that is, future installments, the decision of this court heretofore rendered in this case is necessarily controlling. The judge therefore did not err in sustaining the demurrer to so much of the amendment last above referred to.

The court dismissed the entire amendment upon the general demurrer. His judgment must be reversed in so far as the petition as amended prays for the recovery of renewal commissions earned, due, and unpaid at the time of the filing of the suit.

*Judgment reversed. All the Justices concur.*