## SANDT *v.* MASON *et al.*

No. 17641. ARGUED OCTOBER 9, 1951—DECIDED NOVEMBER 14, 1951.

*Bouhan, Lawrence, Williams & Levy,* and *Alexander & Wells,* for plaintiff in error.

*Irving Stanley Nathan,* contra.

HEAD, Justice. ■ The petitioners base their action upon section 2 of the act entitled, "Membership in Labor Organizations—

Fees—Requirements, Contracts, Illegal Acts, Injunction" (Ga. L. 1947, pp. 616-619). Section 2 of the act of 1947 provides as follows: "No individual shall be required as a condition of employment, or of continuance of employment, to be or remain a member or an affiliate of a labor organization, or to resign from or to refrain from membership in or affiliation with a labor organization."

Section 3 of that act provides that no person shall be required as a condition of employment, or continuance thereof, to pay any fee, assessment, or other sum of money to a labor organization. Section 4 provides that a contract between an employer and a labor organization which requires as a condition of employment that any individual pay a fee, assessment, or other sum of money to a labor organization is declared to be contrary to the public policy of the State. Section 5 provides that it shall be unlawful for any employer to contract with any labor organization so as to make it a condition of employment that any individual shall pay a fee, assessment, or other sum of money to the labor organization. Section 6 provides that no employer shall deduct from the earnings of any employee any fee or assessment to be paid to a labor organization, except upon the request of such employee, and revocable at the will of the employee. Section 7 provides that it is unlawful for any employer to contract with any labor organization for the deduction of any fee or any sum of money from the earnings of any employee, to be paid over to the labor organization, except upon the order or request of the employee, revocable at the will of the employee. Section 8 provides for the remedy of injunction against the contracts referred to in sections 4, 5, 6, and 7 of the act. Section 9 provides that persons violating sections 5, 6, and 7, shall be guilty of a misdemeanor.

Neither the remedy of injunction provided in section 8 of the act, nor the declaration that certain acts in section 9 shall amount to a misdemeanor, is made applicable to section 2 of the act, upon which the petitioners rely. It is not claimed by the petitioners that the provisions of the act with reference to injunction are made applicable to section 2. On the contrary, the petitioners rely for their right of injunction on the general powers of a court of equity. Since the remedial provisions of

sections 8 and 9 are not made applicable to section 2 of the act by any language or terms of the act, the provisions of section 2 amount to no more than a statement of the public policy of this State. The right of the petitioners to any relief rests upon the laws of this State independent of the remedial provisions of the act of 1947.

The defendant contends that the grant of the injunction sought would be a mandatory injunction, and that the petitioners are not entitled, therefore, to injunctive relief. The petitioners contend that an injunction may issue against the defendant, and that, in yielding obedience to the injunctive order, the defendant may be required to perform some act.

The rule in this State was set forth in *Goodrich* v. *Ga. R. & Bkg. Co.*, 115 *Ga.* 340 (41 S. E. 659), as follows: "While under the Code an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act." See also *Spencer* v. *Tumlin*, 155 *Ga.* 341 (116 S. E. 600); *Rosser* v. *Styron*, 171 *Ga.* 238, 240 (155 S. E. 23); *Denson* v. *Tarver*, 186 *Ga.* 181 (197 S. E. 242); *Westbrook* v. *Comer*, 197 *Ga.* 433, 434 (29 S. E. 2d, 574); *Hapeville-Block Inc.* v. *Walker*, 204 *Ga.* 462, 463 (50 S. E. 2d, 9); *Bush* v. *City of Gainesville*, 206 *Ga.* 182, 187 (56 S. E. 2d, 478).

Under the allegations of the petition, the above rule is not applicable in the present case. The essential nature of the injunctive order sought would not be to restrain, but to require a series of affirmative acts on the part of the defendant. The petitioners have been discharged. The affirmative act of re-employment is sought. This necessarily would be followed by the affirmative act of assigning the petitioners to duties in the plant of the defendant. In addition to the affirmative act of re-employment, and the further affirmative act of assignment of duties, a whole series of affirmative acts would be required of the defendant relating to records under our State labor laws, Federal social security, and income taxes.

The contention of the defendant that the petitioners are seeking a mandatory injunction, contrary to the provisions of the Code, § 55-110, is correct. Morever, it appears that the

petitioners are seeking injunctive relief against acts already completed. The petitioners have been discharged by the defendant, and their status as employees has been fully terminated. Injunction is never a proper remedy against completed acts. *Georgia Pacific Ry.* v. *Douglasville,* 75 *Ga.* 828; *Simmons* v. *Lindsay,* 144 *Ga.* 845, 848 (88 S. E. 199); *Shurley* v. *Black,* 156 *Ga.* 683, 684 (119 S. E. 618); *Sims* v. *Boyd,* 177 *Ga.* 465 (170 S. E. 375); *Braswell* v. *Clark,* 180 *Ga.* 727 (180 S. E. 486).

2. The petitioners insist that, if they are not entitled to injunctive relief, they are entitled to damages. Their right to damages, if any, rests upon the general rules of law of this 'State, since no provision for damages for a violation of section 2 is incorporated in the act of 1947 (Ga. L. 1947, pp. 616-619).

"That wages are payable at a stipulated period raises the presumption that the hiring is for such period; but if anything in the contract shall show that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring may be terminated at will by either party." Code, § 66-101.

"Where an employee is wrongfully discharged before the end of his term, and elects to sue for a breach of the contract of employment, he may do so immediately and claim any special injury which he may have sustained in consequence of such breach. *Citizens Bank of Adrian* v. *Southern Securities Co.,* 143 *Ga.* 101 (1) (84 S. E. 465); Civil Code (1910), § 3588. In such an action the measure of damages is the actual loss from the breach of the contract, and in estimating the amount all facts down to the time of the trial may be considered. *Roberts* v. *Crowley,* 81 *Ga.* 429 (3) (7 S. E. 740)." *Walker* v. *Jenkins,* 32 *Ga. App.* 238 (123 S. E. 161). The above rule is based upon cited decisions of this court, and correctly states the rule where an employee brings an action for a breach of a contract of employment.

The sole question presented on the right of the petitioners to collect damages is whether or not there is any allegation in the petition to show that the period of their employment was for a longer term than one week. The petition alleges that the contract of hiring of two of the petitioners was on a week-to-week basis, and as to the other petitioner, it was alleged that he

was to receive a minimum weekly salary of $40 per week, or 15% of the gross receipts from his route, whichever was larger. The fact that wages are payable weekly raises a presumption that the contract of hiring was by the week. *Webb* v. *McCranie*, 12 *Ga. App.* 269 (77 S. E. 175). There being no allegation in the petition to the contrary, it must be assumed that the period of hiring of each of the petitioners was for the term of one week.

The petition does not allege or show that the full salary earned by each of the petitioners at the end of his or her weekly term of employment was not paid. If, under section 2 of the act of 1947 (Ga. L. 1947, pp. 616-619), the discharge of the petitioners was based on their affiliation with a labor union and contrary to the pronouncement of section 2 of said act, the most that the petitioners, or either of them, could collect in damages would be for the full term of their employment, to wit, one week.

The petition does not contain sufficient allegations and prayers as an action for damages either at law or in equity. It follows from what has been said that the trial court erred in overruling the general demurrers of the defendant, and the judgment must be

*Reversed. All the Justices concur.*