## S02G1713. HARVEY v. J. H. HARVEY COMPANY.
### (582 SE2d 88)

CARLEY, Justice.

Joseph H. Harvey III entered into an employment contract with the J. H. Harvey Company (Company) for a term expressly stated as the "earlier" of his 65th birthday or death. Alleging that the Company breached the agreement, he brought suit. The trial court granted partial summary judgment in favor of the Company, ruling that Harvey could only recover wages payable up to the time of trial. The Court of Appeals affirmed that holding. *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 335 (1) (568 SE2d 553) (2002). We granted certiorari to review the affirmance of the trial court's grant of partial summary judgment.

OCGA § 10-6-37 provides that, when an employment contract is "for a year," and the employer wrongfully terminates the employee before the end of the term, the employee

> may either sue immediately for any special injury from the breach of the contract, or, treating the contract as rescinded, may sue for the value of the services rendered, or he may wait until the expiration of the year and sue for and recover his entire wages.

Although expressed in terms of agreements "for a year," the statute nevertheless applies to all employment contracts for any definite duration, as opposed to those terminable at will. See *Inter-Southern Life Ins. Co. v. Wilkinson*, 147 Ga. 283, 284 (93 SE 406) (1917). See also *Citizens Bank of Adrian v. Southern Securities and Financing Co.*, 143 Ga. 101 (84 SE 465) (1915) (five-year contract); *Rosenstock v. Congregation Agudath Achim*, 118 Ga. App. 443 (164 SE2d 283) (1968) (three-year contract); *Georgia, Fla. & Ala. R. Co. v. Parsons*, 12 Ga. App. 180 (76 SE 1063) (1913) (nine-and-one-half month contract). Thus, the election of remedies codified in OCGA § 10-6-37 "is applicable whether the contract of employment is for one year or less or for a longer term. [Cits.]" *Rosenstock v. Congregation Agudath Achim*, supra at 444.

By affirming the contract rather than rescinding it, Harvey rejected his option to seek recovery under a quantum meruit theory. Compare *Silverthorne v. Arkansas Southeastern R. Co.*, 142 Ga. 194, 195 (1) (82 SE 551) (1914). Likewise, he has not elected to pursue the "constructive service" remedy, whereby he would wait until the expiration of each contractual period and sue for his wages. See *Cox, Hill & Thompson v. Bearden*, 84 Ga. 304, 306 (1) (10 SE 627) (1890).

Instead, he has elected to affirm the contract and bring an immediate suit for damages based upon the Company's alleged breach

thereof. Under this option, he has the right " 'to prove, and to recover for, all damages *which may have accrued up to the date of the trial.*' " (Emphasis supplied.) *Georgia, Fla. & Ala. R. Co. v. Parsons*, supra at 183 (2). See also *Sandt v. Mason*, 208 Ga. 541, 546 (2) (67 SE2d 767) (1951); *Roberts v. Rigden*, 81 Ga. 440, 443 (1) (7 SE 742) (1888); *Roberts v. Crowley*, 81 Ga. 429, 439 (3) (7 SE 740) (1888). Limiting the discharged employee's recovery to such damages as have accrued at the time of trial is a minority rule which has been criticized by the commentators. See Anno., 91 ALR2d 682 (1963); 11 Williston on Contracts, § 1361A, pp. 318-319 (3d ed. 1968). However, the same is also true with regard to the "constructive service" remedy. See *Cox, Hill & Thompson v. Bearden*, supra at 306-307 (1); 11 Williston, supra at § 1361, p. 315. It is readily apparent that these two disfavored options are indispensable corollaries. If a wrongfully discharged employee could bring an immediate suit for damages and recover all future wages, then the "constructive service" remedy, which provides that wages can be recovered at the expiration of the contractual period, would be meaningless. Thus, the employee must elect between waiting to recover wages *after* he otherwise would have earned them, or suing immediately to recover the wages that he has lost and such other damages as he has suffered *up to* the time of trial. He may not bring suit and recover for future wages. The reason for this rule is that, until the contractual term has elapsed, the employee's damages are too uncertain and speculative. *Roberts v. Rigden*, supra at 443 (1) ("Before the year expired [the damages] were, in part, only probable, and if the trial had taken place during the year, the whole damage would not have been capable of proof."). See also, Anno., supra at § 3, p. 694.

Even if the "constructive service" remedy is out of favor, the courts of this state are not at liberty to dispense with it, because of its codification in OCGA § 10-6-37. See *Cox, Hill & Thompson v. Bearden*, supra at 306-307 (1). Likewise, we cannot now abandon the long-standing rule established by our case law that, as a necessary consequence of that statutorily mandated option, an employee who seeks immediate damages cannot recover his future wages.

> " '[O]nce the court interprets the statute, "the interpretation . . . has become an integral part of the statute." (Cits.) This having been done, (over a long period of history) any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute. . . .' [Cit.]" [Cit.]

*Abernathy v. City of Albany*, 269 Ga. 88, 89 (495 SE2d 13) (1998). If OCGA § 10-6-37 is to be revised so as to eliminate the "constructive

service" remedy and to authorize, instead, a present recovery of future earnings, the General Assembly, rather than the courts, must take that action. The Court of Appeals correctly held that "[t]he contract at issue is severable and not entire, and Harvey . . . may sue for each breach without waiting until the end of the term, which, in this case, is uncertain. [Cits.]" *Harvey v. J. H. Harvey Co.*, supra at 339 (1). However, his recoverable damages in this and in all successive suits will be limited to those which have accrued up to the time of each trial.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., and Sears, P. J., who dissent.*

SEARS, Presiding Justice, dissenting.

In this action for breach of contract, the majority adheres to a rule that prohibits an employee from seeking damages at the time of trial for any uncompleted portions of his employment contract, and instead forces the employee to file an action for damages as each year of his contract expires. This rule is burdensome to the courts, is unfair to employees, and has been almost universally abandoned in other jurisdictions. Because I find no justification for following this rule, I dissent to the majority opinion.

1. The appellant, Joseph H. Harvey III (hereinafter "Harvey III"), alleges that he has been wrongfully discharged by the J. H. Harvey Company (hereinafter the "company"). The majority correctly recognizes that an employee like Harvey III may elect to sue immediately for damages for breach of contract or may elect to "wait until the expiration [of the term of the contract] and sue for and recover his entire wages."[1] The latter remedy is what is known as the doctrine of constructive service.

Although the majority correctly states that a wrongfully discharged employee may elect either one of these remedies, the majority incorrectly concludes that, in a breach of contract action, the employee may only sue for wages that he has lost to the date of trial.[2] The majority gives two reasons for this conclusion. One is that if employees are permitted to sue for future lost wages in an action for breach of contract, employees might not utilize the constructive service remedy, thereby rendering it meaningless.[3] The other is that this State has traditionally limited the recovery of lost wages to those existing at the time of trial on the ground that damages extending beyond the date of trial are too speculative to recover as a matter of law. Neither of these reasons, however, justifies the rule of limiting

---

[1] OCGA § 10-6-37; *Rogers v. Parham*, 8 Ga. 190 (1850).
[2] Majority opinion at 762.
[3] Majority opinion at 764.

the recovery of lost wages to those existing at the time of trial.

2. The first reason given by the majority – that the constructive service remedy will be rendered meaningless if an employee may sue for future lost wages in a breach of contract action – is flawed for several reasons. First, by its logic, the majority has rendered meaningless the breach of contract remedy.[4] If an employee may not sue for future lost wages for breach of contract, but is instead limited to suing for wages for the portion of the contract that has expired at the time of trial, the employee will always be utilizing the constructive service remedy,[5] as, in the majority's own words, he will be "waiting to recover wages after he . . . would have earned them."[6] Thus, the majority will not permit the recovery of future lost wages in a breach of contract action because it might render the constructive service remedy meaningless, but it, in turn, potentially renders the breach of contract remedy meaningless. As can be seen, the majority's "meaningless" analysis offers no justification for the limitation the majority places on the breach of contract remedy. Indeed, the majority offers no citation of authority for this rationale, and I have not been able to find any authority supporting it.

Moreover, and perhaps more importantly, the majority has simply misunderstood the nature of the two remedies. Under the constructive service remedy, an employee who has been wrongfully discharged may sue to recover his wages as they become due so long as he does not take other employment and makes himself available to return to work for the employer who wrongfully discharged him.[7] For this reason, an action for constructive service is considered an action for a debt for the agreed wages and not an action for damages for breach of contract.[8] The doctrine, however, prevented workers from seeking other employment and thus did not, and could not, require employees to mitigate their damages, and it became discredited and was abandoned in most jurisdictions by the late 1800s or early

---

[4] In an action for damages for breach of an employment contract, the recovery of the compensation due over the term of the contract is the key component of damages. See *Rogers*, 8 Ga. at 193; *Citizens Bank of Adrian v. Southern Securities and Financing Co.*, 143 Ga. 101, 102-104 (84 SE 465) (1915); *Sandt v. Mason*, 208 Ga. 541 (67 SE2d 767) (1951); *Georgia, Fla. & Ala. R. Co. v. Parsons*, 12 Ga. App. 180, 182-183 (76 SE 1063) (1913); *Gary v. Central of Ga. R.*, 37 Ga. App. 744, 750 (141 SE 819) (1928); *Fried v. Portis Brothers Hat Co.*, 41 Ga. App. 30, 31 (152 SE 151) (1930).

[5] In Georgia, an employee such as Harvey III may use the constructive service remedy to sue for his wages as they come due each year. See *Rosenstock v. Congregation Agudath Achim*, 118 Ga. App. 443 (164 SE2d 283) (1968).

[6] Majority opinion at 763.

[7] Eglit, *Damages Mitigation Doctrine in the Statutory Anti-Discrimination Context: Mitigating its Impact*, 69 U. Cin. L. Rev. 7, 36-37 (2000); 11 Williston on Contracts § 1361 (3rd ed. 1968); 11 Corbin on Contracts § 1095 (Interim ed. 2002).

[8] See 11 Corbin on Contracts § 1095, at 448.

1900s.[9]

In an action for damages for breach of contract, the employee may seek, as part of his damages, the compensation that would have been due him under the contract.[10] However, unlike an employee who elects the constructive service remedy,[11] the employee who elects the breach of contract remedy is under a duty to mitigate his damages and may have the wages that were due him under the contract reduced by the amount of wages that the trier of facts determines that he has earned or could have earned after the alleged wrongful discharge.[12]

As the foregoing discussion illustrates, the majority incorrectly concludes that the two remedies are indispensable corollaries. They are in fact independent, elective remedies, with each providing different benefits and burdens. The salient point, however, is that the damages available for breach of contract have never been limited to the date of trial because of the availability of the constructive service remedy, and the majority errs in holding to the contrary.

3. Although this State has limited the recovery of lost wages to those existing at the date of trial on the ground that damages extending beyond the date of trial are too speculative to recover as a matter of law,[13] this limitation is unjustified, has been imposed by

---

[9] Eglit, 69 U. Cin. L. Rev. at 36-46; 11 Williston on Contracts § 1361; 11 Corbin on Contracts § 1095; *Howard v. Daly*, 61 NY 362, 368-374 (1875).

[10] See 11 Williston on Contracts § 1361 (Some courts formerly permitted employee to file suit for wages under doctrine of constructive service, but "proper remedy . . . is . . . breach of contract . . . and thereby allow[s] the employee to earn the promised reward."). Accord *Rogers*, 8 Ga. at 193; *Citizens Bank of Adrian*, 143 Ga. at 102-104; *Sandt*, 208 Ga. 541; *Georgia, Fla. & Ala. R. Co.*, 12 Ga. App. at 182-183; *Gary*, 37 Ga. App. at 750; *Fried*, 41 Ga. App. at 31.

[11] This Court has, in dicta only, stated that an employee who elects the constructive service remedy must mitigate his damages. See *Cox &c. v. Bearden*, 84 Ga. 304, 306 (10 SE 627) (1890). However, the validity of this dicta is extremely doubtful, as the doctrine of constructive service and the duty of mitigation are antithetical to each other. It has been said that the doctrine of constructive service is

so opposed to principle, so clearly hostile to the great mass of the authorities, and so wholly irreconcilable to that great and beneficent rule of law, that a person discharged from service must not remain idle, but must accept employment elsewhere if offered, that we cannot accept it. If a person discharged from service may recover wages, or treat the contract as still subsisting, then he must remain idle in order to be always ready to perform the service. How absurd it would be that one rule of law should call upon him to accept other employment, while another rule required him to remain idle in order that he may recover full wages. The doctrine of "constructive service" is not only at war with principle, but with the rules of political economy, as it encourages idleness and gives compensation to men who fold their arms and decline service, equal to those who perform with willing hands their stipulated amount of labor.

*Howard*, 61 NY at 373. Accord 11 Corbin on Contracts § 1095, at 448-449.

[12] See *Roberts v. Rigden*, 81 Ga. 440, 443 (7 SE 742) (1888); *Georgia, Fla. & Ala. R. Co.*, 12 Ga. App. at 183; *Fried*, 41 Ga. App. at 31.

[13] See *Georgia, Fla. & Ala. R. Co.*, 12 Ga. App. at 182-183; *Rigden*, 81 Ga. at 443; *Rob-*

the courts of this State and not by a statute,[14] and is not followed in a majority of jurisdictions.

As stated in Williston on Contracts, for a breach of contract, "the employee should get redress for all present and prospective injury."[15] Corbin on Contracts states that "[i]f an employee is wrongfully discharged by his employer, this is a total breach for which only a single action lies, judgment being obtainable for all wages past due and for all future promised wages less what can be earned by reasonable effort in similar employment."[16] In analyzing the rule adopted by this Court that a wrongfully discharged employee may only sue for damages occurring to the date of trial,[17] Williston on Contracts concludes that the rule "is wholly indefensible."[18]

> "The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prognostication are to be considered by the jury, and from the evidence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit. The liability to have the damages which he inflicts by breaking his contract so assessed is one which the defendant must be taken to have understood when he wrongfully discharged the plaintiff, and

---

*erts v. Crowley*, 81 Ga. 429, 439 (7 SE 740) (1888); *Citizens Bank of Adrian*, 143 Ga. at 102-104.

[14] See *Georgia, Fla. & Ala. R. Co.*, 12 Ga. App. at 182-183; *Rigden*, 81 Ga. at 443; *Roberts v. Crowley*, 81 Ga. at 439; *Citizens Bank of Adrian*, 143 Ga. at 102-104.

[15] 11 Williston on Contracts § 1361, at 315.

[16] 9 Corbin on Contracts § 958, at 752 (Interim ed. 2002).

[17] See, e.g., *Roberts v. Rigden*, 81 Ga. at 443.

[18] 11 Williston on Contracts § 1361A, at 318.

if he did not wish to be subjected to it he should have kept his agreement."[19]

The rule permitting a wrongfully discharged employee to seek damages that will occur beyond the date of trial is followed in a majority of jurisdictions[20] and is consistent with the Georgia law of damages outside of the context of actions by wrongfully discharged employees. For example, it has been stated that

"(t)he rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted."[21]

For the foregoing reasons, I would hold that an employee who alleges he was wrongfully discharged and who brings an action for damages for breach of contract is not barred from seeking to recover damages beyond the date of trial on the ground that such damages are too speculative as a matter of law. Instead, the employee may bring a single action to recover present and prospective damages, and is entitled to attempt to prove with reasonable certainty the amount of those damages. I would overrule cases that have held to the contrary.[22]

For the foregoing reasons, I would reverse the judgment of the Court of Appeals in the present case, and I dissent to the majority opinion.

I am authorized to state that Chief Justice Fletcher joins in this dissent.

---

[19] 11 Williston on Contracts § 1361A, at 319, quoting *Cutter v. Gillette*, 39 NE 1010, 1011-1012 (Mass. 1895).

[20] See 11 Williston on Contracts § 1361A, n. 4; Annotation, Recovery of Damages by Employee Wrongfully Discharged before Expiration of Time Period Fixed in Employment Contract as Embracing Entire Term of Contract or as Limited to those Damages Sustained up to Time of Trial, 91 ALR2d 682 (1963); *Boothby v. Texon, Inc.*, 608 NE2d 1028, 1039 (Mass. 1993); *Carter v. Catamore Co.*, 571 FSupp. 94, 97 (N.D. Ill. 1983).

[21] *Thomas Mote Trucking v. PCL Civil Constructors*, 246 Ga. App. 306, 313 (540 SE2d 261) (2000), quoting *Al & Zack Brown, Inc. v. Bullock*, 238 Ga. App. 246, 251 (518 SE2d 458) (1999). Accord *Ike v. Kroger Co.*, 248 Ga. 531, 534 (546 SE2d 903) (2001).

[22] See, e.g., *Georgia, Fla. & Ala. R. Co.*, 12 Ga. App. 180; *Rigden*, 81 Ga. 440; *Crowley*, 81 Ga. 429; *Citizens Bank of Adrian*, 143 Ga. 101.

DECIDED JUNE 2, 2003 —
RECONSIDERATION DENIED JULY 11, 2003.

*Alston & Bird, Jay D. Bennett, Heather R. Peoples*, for appellant.
*Frank C. Jones, W. Daniel Knight, Jr., J. Reese Franklin, King & Spalding, Benjamin F. Easterlin IV, Cheri A. Grosvenor*, for appellee.