FITZGERALD *et al. v.* MORGAN.

No. 15448.  MAY 9, 1946.

*George P. Whitman,* for plaintiffs in error.   *R. B. Pullen,* contra.

WYATT, J.   (After stating the foregoing facts.)   ■   It is urged by the defendant in error that the plaintiffs in error are not such parties at interest as have a right to caveat the petition for the establishment and probate of the alleged will.   This question is not before the court for decision, the trial court having adjudged that the caveators were such parties at interest as could caveat the petition, and there being in this court no exception to this judgment.

■   The trial court sustained the grounds of a general demurrer raising the point that the allegations of the petition showed that the plaintiff was barred by laches.   The judgment sustaining the demurrer was amended, allowing the plaintiff to amend the petition within a prescribed period, and providing that if a sufficient amendment should not be filed, the petition would stand dismissed. Within the prescribed period the plaintiff amended, seeking to meet the grounds of demurrer raising the question of laches.   It appears from the briefs of counsel that the plaintiff also filed exceptions pendente lite to the judgment sustaining the demurrer.

Whether or not exceptions pendente lite were preserved to the judgment of the court sustaining the demurrer is immaterial. The court having sustained the demurrer, and the plaintiff having amended to meet the demurrer, he thereby consented to and acquiesced in the ruling of the court on demurrer, and is now precluded from availing himself of his exceptions pendente lite. The effect of the order sustaining the demurrer, as thus acquiesced in by the plaintiff, was to adjudicate that the petition as it then stood was defective for the reasons stated in such demurrer. *Rivers* v. *Key,* 189 *Ga.* 832 (7 S. E. 2d, 732); *Sherling* v. *Continental Trust Co.,* 175 *Ga.* 672 (165 S. E. 560); *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617). "Whether that ruling was right or wrong it is the law of the case, and is conclusive upon all parties thereto, and under it the petition . . at that time alleged no cause of action." *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124). Accordingly, whether or not the equitable defense of laches can be interposed in a case such as this one in a court of ordinary, and whether, if such defense can be raised, the petition was subject to the demurrer in that respect, are questions with which it is unnecessary to deal.

■ The question for decision is whether the amendment offered was sufficient to meet the demurrer.

The amendment alleges: "The reason for not offering the will for probate immediately after the death of L. L. Clifton and in failing to do so prior to the date of filing the original petition was due to the fact that the will was in the custody of Mrs. Elizabeth (Clifton) Hudgins, and that the deceased, L. L. Clifton, had obtained a pledge from the devisees not to disturb said Mrs. (Clifton) Hudgins in the full and complete use and enjoyment of the property; that because of the ignorance of law on the part of Mrs. (Clifton) Hudgins and the remaindermen and their heirs, it was believed that legal action was unnecessary so long as Mrs. (Clifton) Hudgins lived, and that legal action to fix the rights of the parties would be a violation of the pledge not to disturb the said Mrs. Hudgins' life estate in said property." It was further alleged that during her lifetime Mrs. Hudgins fully recognized the extent of her interest in the property until 1936 or 1937, when "the caveators came upon the scene;" that the remaindermen had no notice or knowledge of an adverse claim until the death of Mrs. Hudgins;

that, as a part of a fraudulent scheme, the caveators induced Mrs. Hudgins to devise to them the property in question, and the caveators destroyed the will of L. L. Clifton; that Mrs. Hudgins "did not know she was required by law to probate said will, and the remaindermen and the heirs of the remaindermen did not know it was their duty or privilege to cite Mrs. Hudgins in the ordinary's court and require the probate of same; that all parties thereto were ignorant of the legal effect of not probating the will, and that their mistake with reference thereto was mutual."

As an excuse for a delay of more than forty years in probating the will, it is alleged only that the parties were ignorant of the law. A *mistake* of law is not alleged. The distinction between a mistake of law and ignorance of law is that mistake implies action under a misapprehension of the law, while ignorance implies inactivity for want of knowledge of the law. "*Ignorance* implies passiveness; *mistake* implies action. *Ignorance* does not pretend to knowledge, but *mistake* assumes to know. *Ignorance* may be the result of laches, which is criminal; *mistake* argues diligence, which is commendable. Mere *ignorance* is no mistake, but a *mistake* always involves ignorance, yet not that alone." *Culbreath* v. *Culbreath, 7 Ga.* 64, 70 (50 Am. D. 375).

In *Adams* v. *Guerard, 29 Ga.* 651, 673 (76 Am. D. 624), the court held: "It was said that equity will relieve from a mistake of law as well as from a mistake of fact, and that the statute (of limitations) does not begin to run till the discovery of the mistake. It is too late to deny in this court that there are mistakes of law as well as mistakes of fact, which will be relieved in equity; but I apprehend relief was never granted from such a mistake as this. Those mistakes from which relief has been granted were mistakes which occurred in doing something, not in doing nothing; they were mistakes of action, not of mere inaction. When one has contracted or acted on a false assumption of fact or of law, equity may relieve him from the effects of the action, and will not begin to count time against him until the discovery of the mistake; but where he has simply lain still, under a mistaken assumption of either fact or law, without having ever acted at all, it is not a question when time will begin to be counted against his relief, but it is a case where no relief will be granted at any time from the effects of his inaction."

656

Though in the case last cited the court was dealing with the statute of limitations, the same principle is applicable on the question of laches; and the language quoted is peculiarly applicable to the instant case. Here there are no allegations of misplaced confidence, artifice, deception, or fraud inducing the ignorance of the law, or debarring the plaintiff from sooner bringing the action. The excuse offered is solely an ignorance of the law. If this be an excuse sufficient to vindicate the plaintiff's negligence, would not the result be that in all cases involving the statute of limitations or laches, the negligent party might avoid the effect of his negligence by simply saying: though the facts were within my knowledge, I did not act sooner because I was ignorant of the law? Such an attempted avoidance shows nothing more than negligence itself. Certainly it shows no excuse for a party's failure to pursue his remedy diligently.

For the reasons stated, the amendment was insufficient to meet the demurrer; and the trial court erred in overruling the demurrers to the amendment and to the petition as amended.

*Judgment reversed. All the Justices concur.*