A00A2368. GREENE et al. v. TEAM PROPERTIES, INC. et al.

(544 SE2d 726)

PHIPPS, Judge.

Vivian and Ralph Greene sued Team Properties, Inc. and Elora Stargel, its President, for violation of the Fair Business Practices Act of 1975[1] (FBPA). The trial court found that the Greenes had failed to comply with the FBPA's two-year statute of limitation, granted defendants' motion for summary judgment, and dismissed the case. The Greenes claim that the trial court erred by ruling that the statute of limitation had expired before their suit was filed and by dismissing their entire complaint, including their fraud claim. We affirm the trial court's ruling that the Greenes' FBPA claim is barred by the statute of limitation, but reverse the dismissal of the fraud claim because it was not addressed in the motion for summary judgment.

In July 1997, the Greenes were having financial difficulties and could not make the mortgage payments on their Hall County residence. The mortgage company had advertised a foreclosure sale of the property, which was set for August 5, 1997.

Several days before the foreclosure date, Vivian Greene was contacted by Rick Little, who was in the business of locating real estate subject to foreclosure for purchase by others. Little told her that he might know of individuals willing to purchase the property and lease

---

[15] *Welch v. State*, 216 Ga. App. 256, 257 (454 SE2d 566) (1995).
[16] *Gable v. State*, 222 Ga. App. 768, 770 (3) (476 SE2d 66) (1996).
[1] OCGA § 10-1-390 et seq.

it back to her. Greene told Little that she was interested in pursuing such an arrangement. Little contacted Stargel, who told him that she was willing to purchase the property by paying off the mortgage and that she would lease it back to the Greenes. Stargel drafted a quitclaim deed for the Greenes to sign, and Little delivered it to them. On August 4, 1997, the Greenes executed the quitclaim deed, which conveyed the property to Team Properties, and continued to live in the house.

Stargel claims that Roger Akins, Secretary of Team Properties, delivered a residential lease agreement to the Greenes, which they never returned. Vivian Greene claims that she attempted to contact Stargel about the rent she was supposed to pay, but Stargel never returned her calls. Approximately two months later, Team Properties sold the property, and the Greenes were evicted. The Greenes claim that Team Properties sold the property for $20,000 more than the Greenes had owed on the mortgage.

On August 17, 1999, the Greenes filed suit for violation of the FBPA and sought actual damages of $20,000, exemplary damages of $60,000, attorney fees, and expenses of litigation. They later amended their complaint to assert a claim for fraud. Team Properties and Stargel moved for summary judgment, claiming that the statute of limitation had run on the Greenes' FBPA claim on August 4, 1999, two years after the quitclaim deed was signed. The trial court ruled that the Greenes knew or should have known that a cause of action had accrued on August 4, 1997, when Team Properties purchased the property without furnishing the statutorily required notices. The trial court also ruled that the Greenes had failed to file their complaint within the statute of limitation and found that the limitation period was not tolled by the 30-day notice the Greenes were required to give before filing suit under the FBPA.

1. The Greenes claim that Team Properties and Stargel violated OCGA § 10-1-393 (b) (20) (C), which regulates the purchase of property used by a debtor as a dwelling place, where the debtor's loan for the property is in default and the debtor remains in possession of the property after the purchase. The statute requires that a written contract be employed by the buyer, that the contract contain certain terms,[2] and that the buyer furnish the seller, at the time of closing, a notice allowing the seller ten days to cancel the purchase. Team Properties and Stargel acknowledge that they never provided the Greenes with a written contract or a notice of their right to cancel the purchase within ten days.

---

[2] The contract must contain a statement that the provisions of the contract have been fully explained to the seller and a representation that the seller understands that, under the agreement, he or she is selling the house to the purchaser. OCGA § 10-1-393 (b) (20) (C) (ii).

Pursuant to OCGA § 10-1-401, an action under the FBPA cannot be brought "[m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation." There is no dispute that the violation took place on August 4, 1997, when Team Properties obtained the Greenes' property without complying with OCGA § 10-1-393 (b) (20) (C). The issue is when the Greenes knew or should have known of the violation.

Relying on *King v. Seitzingers, Inc.*,[3] the Greenes argue that the statute of limitation did not begin to run until they discovered they had been injured, which occurred when they received notice of the dispossessory action. The discovery rule of *King* has been strictly confined to cases of bodily injury that develop over an extended period of time[4] and does not extend to the Greenes' FBPA claim. Nor do we find merit in the Greenes' argument that the violation of the FBPA was a continuing violation that was not completed until the property was sold to a third party. The failure to provide a written contract or notice of the right to rescind was evident and complete at the time the property was transferred to Team Properties.

It appears that the Greenes did not know of the statutory violation on August 4, 1997, because they did not know what documentation Team Properties was required to provide to them. But ignorance of the law offers no legal excuse for failing to file an action within the applicable statute of limitation.[5] We find that the Greenes should have known of the violation on August 4, 1997, when the property was transferred to Team Properties.

2. The Greenes claim that the statute of limitation was tolled or extended by the 30-day notice requirement of OCGA § 10-1-399 (b).

Initially, the Greenes argue that because they were required to give Team Properties and Stargel a written demand for relief 30 days before filing their action, the statute of limitation was effectively reduced to 23 months. In fact, the Greenes had a full 24 months in which to file their action and could have given the 30-day notice at any time within those 24 months so long as it was given 30 days before the action was filed and the limitation period expired. Accepting the Greenes' argument would result in a 30-day extension of the limitation period.

The Greenes next rely on *Butler v. Glen Oak's Turf*[6] to support their claim that the limitation period was tolled. In *Butler*, an employee sought relief for a work-related injury and initially proceeded under the Workers' Compensation Act (the Act). The adminis-

---

[3] 160 Ga. App. 318 (287 SE2d 252) (1981).
[4] *Hanna v. McWilliams*, 213 Ga. App. 648, 649 (2) (a) (446 SE2d 741) (1994).
[5] *Fitzgerald v. Morgan*, 200 Ga. 651, 656 (3) (38 SE2d 171) (1946).
[6] 196 Ga. App. 98 (395 SE2d 277) (1990).

trative law judge (ALJ) awarded Butler workers' compensation benefits and that award was adopted by the State Board of Workers' Compensation and confirmed by the superior court. This court reversed the superior court's decision, and Butler filed a personal injury action two weeks later. Because Butler was legally barred from bringing her action from the date the ALJ found she was covered by the Act until the date this court found she was not covered, the statute of limitation was tolled during that period.[7]

*Butler* is distinguishable. The Greenes did not provide timely notice of their claim and then become legally barred from bringing their action based on a ruling on their initial claim. Instead, they waited too late to provide the required notice and were unable to properly file their action within the limitation period. In *Butler,* the court sought to avoid duplicative procedures wherein cases would be filed and then mooted whenever the Workers' Compensation Board determined it had jurisdiction to grant relief, thus imposing a heavy burden on the claimant and on the superior courts.[8] Requiring a FBPA claimant to comply with the notice requirement and the statute of limitation does not impose the same heavy burden.

Finally, the Greenes argue that mailing the required notice constituted the bringing of an action, which is all that OCGA § 10-1-401 requires. They rely on the following language in *Howard v. State of Ga.*:[9] " 'While the giving of [ante litem] notice is a condition precedent to the bringing of an action, the giving of (the) notice is at once part and parcel of the enforcement of the right and it is an inseparable part of the bringing of the action.' "[10] The fact that ante litem notice is an inseparable part of bringing the action does not mean that merely giving the required notice also constitutes the bringing of an action. *Howard* does not hold otherwise. In addition, giving ante litem notice under the statute involved in *Howard* automatically tolls the running of the statute of limitation while the demand for payment is pending.[11] The FBPA contains no similar tolling provision.

The Greenes have pointed to no valid basis for tolling or extending the applicable two-year statute of limitation. Nor do we find any valid basis for tolling the statute.[12] The Greenes' FBPA claims against Team Properties and Stargel are barred by the applicable two-year statute of limitation.

3. Although Team Properties and Stargel filed a motion for com-

---

[7] Id. at 101.
[8] Id. at 99.
[9] (Citation omitted.) 226 Ga. App. 543 (487 SE2d 112) (1997).
[10] Id. at 546 (2).
[11] OCGA § 36-33-5 (d).
[12] See OCGA § 9-3-90 et seq.

plete summary judgment, they did not address the Greenes' fraud claim in their motion, brief, or any other supporting materials submitted to the trial court. In effect, they filed a motion for partial summary judgment. The trial court should have granted summary judgment only on Count 1 of the complaint and erred by dismissing the entire case. We reverse the dismissal of Count 2 of the complaint.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 11, 2001.

*Edmund A. Waller*, for appellants.
*Carey, Jarrard & Walker, R. Thomas Jarrard, Leonard D. Myers, Jr.*, for appellees.