A04A0662. TIISMANN v. LINDA MARTIN HOMES CORPORATION.
(603 SE2d 45)

BARNES, Judge.

This appeal arises from a dispute between a homebuilder, Linda Martin Homes Corporation, and a dissatisfied customer, Mart Tiismann, following the grant of summary judgment to Linda Martin

---

Homes on Tiismann's claim for violations of the Georgia Fair Business Practices Act. Finding no error, we affirm.

Summary judgment is appropriate when no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001). On appeal from a grant of summary judgment, a de novo standard of review applies, "and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Footnote omitted.) Id.

So viewed, the evidence shows that on December 12, 1998, Tiismann contracted with Linda Martin Homes to build a home. Linda Martin Homes was on the list of approved builders in the subdivision where Tiismann wanted to build, and the contract forms used in the transaction were prepared by the realty company associated with the subdivision's developer. Linda Martin Homes' president averred that "[a]s a condition of selling the lot to LMH [(Linda Martin Homes)], the developer of Windward development required LMH to use Windward Realty, LLC, as the selling agent with regard to the contract to sell the lot and house to Mr. Tiismann." Tiismann closed the property sale with Linda Martin Homes on November 17, 1999, and after moving in, he alleged that the house had several building code violations, including improperly installed exterior doors, retention walls, and drainage system. The construction disputes were not resolved, and on November 14, 2000, Tiismann filed a demand for arbitration with Construction Arbitration Associates, alleging breach of contract, negligent construction, and conversion. On May 8, 2001, Tiismann filed this action seeking to enjoin the Arbitration, have a neutral arbitrator appointed, and asserting damages for violation of the Georgia Fair Business Practices Act (FBPA). The trial court denied Tiismann's motion for injunctive relief, and following arbitration, Tiismann was awarded $205,664.88 in damages. The award was subsequently verified by consent order, and thereafter paid in full. The only matters remaining before the trial court were FBPA claims.

Tiismann claimed that Linda Martin Homes violated the FBPA by creating substantial confusion in the marketplace by including contradictory language in the sales contract, and then using that language to deny liability for code violations in the house the company built. He contends that, pursuant to the terms of the purchase agreement, the "Property shall be completed in accordance with all applicable governmental regulations, ordinances, and codes," but argues that the agreement is deceptive because it also incorporates a limited warranty which limits claims to express warranties.

The limited warranty states that,

> [e]xcept for any rights of the Purchaser relating to completion of items of the New Home Orientation/Walk-through, as expressly set forth in the Agreement, this Limited Warranty is also given by the Seller and accepted by the Purchaser in lieu of all other rights or remedies that the Purchaser has or may have against the Seller relating to construction on the Property or the condition or circumstance existing on or in the vicinity of the Property, including, but not limited to, any rights based on negligent construction, *code violations,* breach of contract or breach of warranty (other than based on the terms of the Limited Warranty). (Emphasis supplied.)
>
> . . .
>
> This Limited Warranty is part of the Agreement and incorporates its terms and provisions (including without limitation those requiring mandatory binding arbitration), except to the extent they conflict with the terms of this Limited Warranty, in which event the terms of this Limited Warranty shall prevail.

Linda Martin Homes moved for summary judgment on four grounds: (1) the FBPA did not apply because the company had not introduced the contract into the consumer marketplace; (2) Tiismann's claim was barred by the running of the statute of limitation; (3) Tiismann had not reasonably relied on the conflicting provisions in the contract because both provisions were in the contract when he signed it; and (4) Tiismann cannot recover attorney fees because the arbitrator ruled that each party had to pay their own attorney fees.

The trial court denied Linda Martin Homes' motion as to the first ground, finding that the transaction was subject to the FBPA. The court found that summary judgment was, nevertheless, appropriate because (1) Tiismann knew or should have known of the FBPA violation (the conflicting language) when he signed the sales agreement on December 12, 1998, and because he did not file suit until May 8, 2001, his FBPA claim was barred by the running of the two-year statute of limitation; and because (2) as a matter of law, Tiismann could not show reasonable reliance because the conflicting terms were both before him when he signed the sales agreement. We agree, and thus affirm the trial court's grant of summary judgment.

1. We first address Tiismann's argument, asserted in several enumerations of error, that the trial court erred in holding that the FBPA claim was barred by the running of the statute of limitation. He

maintains that the trial court erred because the statute of limitation did not begin to run until July 13, 2000, when Linda Martin Homes denied liability for the code violations, or until the house was substantially completed. He also argues that the running of the statute of limitation was tolled because of Linda Martin Homes' fraud. We do not agree and find that Tiismann's claim was barred by the running of the statute of limitation.

The FBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts," OCGA § 10-1-393 (a), and because it is designed to protect the general consuming public, it is concerned only with acts or practices that harm, or could harm, the consumer marketplace. *Zeeman v. Black*, 156 Ga. App. 82, 84-85 (273 SE2d 910) (1980). "Thus[,] a private FBPA claim has three elements: a violation of the Act, causation, and injury." Id. at 86-87; *Nims v. Otter*, 188 Ga. App. 516, 518 (2) (373 SE2d 396) (1988). Further, when the alleged violation of the FBPA is a misrepresentation, as alleged in this case, the Act "incorporat[es] the 'reliance' element of the common law tort of misrepresentation into the causation element of an individual claim," *Zeeman v. Black*, supra at 87. Accordingly, justifiable reliance is an essential element. *Condon v. Kunse*, 208 Ga. App. 856, 859 (5) (432 SE2d 266) (1993). Consequently, "the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so." (Citation omitted.) *Zeeman v. Black*, supra at 87.

Pursuant to OCGA § 10-1-401 (a) (1), an action under the FBPA cannot be brought "[m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation." "Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations, for a plaintiff must exercise reasonable diligence to learn of the existence of a cause of action." (Citations omitted.) *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 757 (250 SE2d 155) (1978).

The record demonstrates that Tiismann signed the purchase agreement containing the alleged violation of the FBPA on December 12, 1998, and brought this claim on May 8, 2001. The contradictory language was present at that time he signed the purchase agreement. Tiismann contends that he had no claim until Linda Martin Homes denied its liability for the code violations, or, "[a]t the very earliest, the statute of limitations period could not have started until the house was substantially completed." He argues that it takes both the conflicting language and the subsequent denial of liability for the deceptive scheme to be complete.

In his amended complaint, however, he only alleges that

> the use of the Agreement, which provides an express warranty that a home will be built according to the building code, and [the limited warranty], which provides that the purchaser has no remedy for a home that is not in compliance with the building code, causes actual confusion in the market place, is contradictory to Georgia law, is an unfair and deceptive practice in the conduct of consumer transactions and is a violation of the Fair Business Practices Act of 1975, OCGA § 10-1-390 et seq.

Tiismann does not contend in this amendment that the act of denying the liability constituted the FBPA claim, but that the use of the agreement and the resultant confusion caused by its contradictory language resulted in a violation. Thus, Tiismann knew or should have known of the alleged FBPA violations when he signed the purchase agreement. Even if he was not aware of the alleged FBPA violation until Linda Martin Homes denied liability, that failure resulted from his lack of diligence and will not toll the running of the statute of limitation. Ignorance of the law offers no legal excuse for failing to file an action within the applicable statute of limitation. *Fitzgerald v. Morgan*, 200 Ga. 651, 656 (3) (38 SE2d 171) (1946). "[A] plaintiff must exercise reasonable diligence to learn of the existence of a cause of action." (Citation omitted.) *Limoli v. First Ga. Bank*, supra, 147 Ga. App. at 757.

As the trial court noted in its order,

> Tiismann knew or should have known of the violation on the date he signed the contract and could have taken legal action to address that language any time on or after December 12, 1998. Contrary to Tiismann's contentions, a party is not required to suffer damages before filing suit. If the contract documents, in fact, violate the FBPA, Tiismann could have sought to rescind, cancel or enjoin enforcement of the contract as early as the date he signed them.

To the extent that Tiismann argues that the running of the statute of limitation was tolled due to Linda Martin Homes' fraud,

> [t]he fraud which tolls a statute of limitation must be such actual fraud as could not have been discovered by the exercise of ordinary diligence. This rule is applied even where actual fraud is the gravamen of the action. The statute of limitation is only tolled until the fraud is discovered or by reasonable diligence should have been discovered.

(Citations omitted.) *Bahadori v. Nat. Union Fire Ins. Co.*, 270 Ga. 203, 205 (3) (507 SE2d 467) (1998). A court may find as a matter of law that a party failed to exercise due diligence. *McClung Surveying v. Worl*, 247 Ga. App. 322, 324 (1) (541 SE2d 703) (2000). Consequently, because Tiismann acknowledges that the contradictory language was present when he signed the purchase agreement, this knowledge commenced the running of the statute of limitation. He was on notice and should have discovered the alleged fraud by the exercise of due diligence. *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983). Because Tiismann's FBPA action was barred by the running of the statute of limitation, the trial court did not err in granting Linda Martin Homes' motion for summary judgment.

2. We need not reach Tiismann's remaining arguments, which are moot in light of our holding in Division 1.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2004 —
RECONSIDERATION DENIED JULY 28, 2004 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Weizenecker, Mottern & Fisher, Vaughn W. Fisher, Jr., Kimberly K. Perez, Womble, Carlyle, Sandridge & Rice, Frank G. Goldman*, for appellant.

*Michael A. Kessler*, for appellee.

*Sidney R. Barrett, Jr., Senior Assistant Attorney General, Samantha M. Rein, Assistant Attorney General*, amici curiae.