A04A1504. SANDY SPRINGS TOYOTA v. CLASSIC CADILLAC ATLANTA CORPORATION.
(604 SE2d 303)

SMITH, Chief Judge.

Sandy Springs Toyota (SST) brought suit against Classic Cadillac Atlanta Corporation (Classic) after losing a used car sale because the car, which was originally purchased at Classic, had a defective title. The trial court granted Classic's motion for judgment on the pleadings based upon the affirmative defense of expiration of the applicable statutes of limitation, and SST appeals. Because we agree with the trial court that SST's causes of action were barred by statutes of limitation, we affirm.

The record shows that the dispute between the parties concerns a 1996 Cadillac Seville that Classic sold to Vera Toulmin in July 1996. When Classic routinely submitted the application to the Georgia Department of Revenue on Toulmin's behalf, it used the wrong vehicle identification number (VIN). Three years later, in August 1999, Toulmin sold the car to SST in connection with her purchase of a new car. When SST attempted to resell the car to another customer, it discovered that the title was invalid because of the inaccurate VIN. After negotiations with Classic regarding perfecting the title were unsuccessful, SST filed this action in October 2000.

In its complaint, SST alleged claims for breach of contract, breach of warranty, negligence, negligence per se, negligent misrepresentation, and violation of the Georgia Fair Business Practices Act. SST also sought attorney fees and expenses of litigation under OCGA § 13-6-11. The trial court found that SST's causes of action accrued in July 1996, when Classic sold the car to Toulmin, and not in 1999, when Toulmin traded it in to SST, or later, when SST attempted to resell the car. Because the causes of action were not viable, the trial court also denied recovery under OCGA § 13-6-11.

1. SST contends that the trial court erred in finding that its causes of action were invalid because the statutes of limitation had

expired. It maintains that the limitation periods were tolled by Classic's actions and that its complaint was therefore filed within the limitation period, which did not start running until SST became aware of the title defect and suffered economic loss. We do not agree.

We note initially that some question exists regarding whether SST had standing to bring several of the claims. No claim was made that Classic had a contract with SST or that Classic warranted the title to SST. It is undisputed that Toulmin is not a party to this suit. No cross-appeal was filed, however, and we address SST's enumerations of error.

Because they relate to the sale of goods, SST's contract claims should have been commenced within four years after accruing. OCGA § 11-2-725 (1). SST's tort claims, for injury to personalty, should also have been commenced within four years of accrual. OCGA § 9-3-31. Actions under the Fair Business Practices Act must be commenced within two years of accrual. OCGA § 10-1-401 (a) (1).

All of SST's claims are based upon the defect in the Cadillac's title, which necessarily occurred when Classic sold the Cadillac to Toulmin and applied for a title on her behalf. Any claim based upon this defective title or Classic's error must have accrued at the time Classic sold the Cadillac to Toulmin in July 1996. It follows that any action based upon this event must therefore have been brought on or before July 2000. SST's complaint, brought in October 2000, was therefore time barred unless the statutes had been tolled.

Citing three cases,[1] SST argues that statutes of limitation are tolled when "a party is delayed in realizing that he has a cause of action because of actions by the other party." But these cases do not support SST's contention because all three cases involved fraud. *Larkins*, supra, 205 Ga. at 72; *Morris*, supra, 172 Ga. at 604-605 (5); *Fidelity*, supra, 174 Ga. App. at 262. Indeed, by distinguishing cases in which fraud exists from the general rule, these authorities support Classic's defense. The general rule is that

[w]hen the question is raised as to whether an action is barred by a statute of limitation[ ] . . . , the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation[ ], for a plaintiff must exercise

---

[1] *Larkins v. Boyd*, 205 Ga. 69, 72 (52 SE2d 307) (1949); *Morris v. Johnstone*, 172 Ga. 598 (158 SE 308) (1931); and *Fidelity & Deposit Co. v. Sun Life Ins. Co.*, 174 Ga. App. 258, 262 (329 SE2d 517) (1985) (physical precedent only, but cited numerous times for standard principles).

reasonable diligence to learn of the existence of a cause of action.

(Citations and punctuation omitted.) Id. at 262 (3).

This rule applies when the only issue involved is the simple one of length of time elapsed between the accrual of the action and the institution of the suit. In such a case, "the question whether the action was barred is one of law; but where there are facts involving fraud and excuses for delay in discovering the same, the question is one of mixed law and fact, and is one for determination by the jury under proper instructions from the court." (Citations and punctuation omitted.) *Fidelity*, supra, 174 Ga. App. at 262 (3). Further, our Supreme Court made clear in *Morris*, supra, 172 Ga. at 605-606, that the only fraud that works to toll the statute of limitation "must be such as involves moral turpitude. . . . Mere ignorance of fraud which, by the use of ordinary diligence, might have been discovered in due time will not suspend the operation of the statute of limitation[ ]. [Cit.]"

In this case, no suggestion or intimation of fraud exists. Classic had no reason to falsify the VIN when it sold the Cadillac to Toulmin. But even if the error could be considered fraud, SST certainly could have discovered it by reasonable diligence in August 1999, when Toulmin traded in the Cadillac. Had it done so, it could have taken the car in trade and commenced legal action within the year that remained before the statute of limitation expired on all but the claim under the Fair Business Practices Act. Alternatively, it could have refused to complete the transaction with Toulmin unless she rectified the defect in her title.

2. SST also argues that reversal is demanded by the trial court's unfortunate choice of words in addressing the issue of tolling. In its order, the trial court recited that "[t]he record reflects . . . that the plaintiff has produced no evidence to support allegations that the defendant caused the plaintiff or Ms. Toulmin to be unaware that either had a cause of action against defendant." Of course, neither evidence nor the lack of evidence should be considered in determining whether to grant a motion for judgment on the pleadings. *Baker v. Wulf*, 173 Ga. App. 674, 675 (327 SE2d 796) (1985). "We review the trial court's grant of judgment on the pleadings pursuant to OCGA § 9-11-12 (c) to determine whether the undisputed facts that appear from the pleadings show the moving party is entitled to judgment as a matter of law." (Citations and footnote omitted.) *Ga. Oilmen's Assn. v. Dept. of Revenue*, 261 Ga. App. 393, 395 (1) (582 SE2d 549) (2003).

But the trial court's reference to evidence, while incorrect, did not infect its judgment. The complaint itself contains no allegation that Classic engaged in fraud. Considering only the pleadings, it is apparent that the trial court's ruling is therefore correct. It is well

established that a judgment right for any reason will be affirmed. *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (3) (530 SE2d 226) (2000).

3. Relying upon *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas*, 267 Ga. 424 (479 SE2d 727) (1997) and *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225 (518 SE2d 453) (1999), SST also argues that the statute of limitation did not begin to run on its negligence claims until it suffered damages as a result of the defective title. As Classic points out, however, the cases cited by SST involve a claim for negligent design and construction. *Hardaway*, supra at 427-428; *Bowling*, supra at 226. Moreover, under the rationale of *U-Haul Co. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 567 (277 SE2d 497) (1981), the fact that the Cadillac was resold and SST is a subsequent owner who had no knowledge of the defect is immaterial. As we decided in Division 1, supra, it is evident from the pleadings that SST did not exercise due diligence, and the statute of limitation was therefore not tolled.

4. A claim for expenses of litigation under OCGA § 13-6-11 is not an independent cause of action. *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 826 (5) (426 SE2d 905) (1992). Because none of SST's other claims is viable, the trial court did not err in granting Classic's motion for judgment on the pleadings with regard to SST's claim for expenses of litigation and attorney fees under OCGA § 13-6-11.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 3, 2004.

*Pierce & Young, J. Wayne Pierce*, for appellant.
*Smith, Gambrell & Russell, Stephen M. Forte, Shannon F. Oliver*, for appellee.