S05G0001. TIISMANN v. LINDA MARTIN HOMES
CORPORATION.
(610 SE2d 68)

CARLEY, Justice.

In a contract executed on December 12, 1998, Linda Martin Homes Corporation (LMH) agreed to build a house and sell it to Mart Tiismann. After closing on November 17, 1999, Tiismann moved into the new home and discovered several building code violations. Arbitration of claims asserted by Tiismann for breach of contract, negligent construction, and conversion resulted in a damages award which was subsequently satisfied. On May 8, 2001, however, Tiismann also filed an action against LMH seeking damages and other relief for violation of the Fair Business Practices Act of 1975 (FBPA), OCGA § 10-1-390 et seq. This claim is based on allegedly conflicting language in the contract, which requires LMH to complete construction "in accordance with all applicable governmental regulations, ordinances, and codes," but also contains a limited warranty which is given in lieu of various rights and remedies, including those based on code violations. LMH moved for summary judgment on four grounds. The trial court denied the motion as to two of the grounds, but granted it as to the remaining grounds. On appeal, the Court of Appeals

affirmed the grant of summary judgment on the ground that Tiismann knew or should have known of the conflicting language which constituted the FBPA violation when he signed the contract and, thus, the two-year statute of limitations in OCGA § 10-1-401 (a) (1) barred the FBPA claim. *Tiismann v. Linda Martin Homes Corp.*, 268 Ga. App. 787 (603 SE2d 45) (2004). We granted certiorari to consider this holding. Because the limitations period for an FBPA claim does not commence until accrual of the action, and actual damages are an essential element of a private FBPA claim, we reverse the judgment of the Court of Appeals and remand for consideration of remaining enumerations of error.

"No action shall be brought under [the FBPA] . . . [m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation. . . ." OCGA § 10-1-401 (a) (1). As required by this language, the Court of Appeals considered the timing of the alleged FBPA violation and whether Tiismann exercised due diligence in discovering it. However, the Court of Appeals did not determine whether the cause of action for the alleged violation accrued less than two years before Tiismann brought suit. The Court of Appeals recently recognized that actions under the FBPA "must be commenced within two years of accrual. OCGA § 10-1-401 (a) (1)." *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, 269 Ga. App. 470, 471 (1) (604 SE2d 303) (2004). Indeed, " ' "[i]t is a general and established principle of law that the statute of limitation begins to run from the time the right of action accrues." [Cits.]' [Cit.]" *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 339 (1) (568 SE2d 553) (2002), aff'd, 276 Ga. 762 (582 SE2d 88) (2003). More specifically, a cause of action on a liability created by statute generally "does not accrue within the statute of limitations until the violation of the statute occurs *and* plaintiff is entitled to bring an action and seek a remedy. [Cits.]" (Emphasis supplied.) 54 CJS, Limitations of Actions, § 198, p. 262 (1987). In accord with this rule, "the courts have held that the statute of limitations generally begins to run on an action under state deceptive trade practice or consumer protection acts when the cause or right of action has accrued or arisen." Anno., 18 ALR4th 1340, 1341 (1982). If the General Assembly intended to reject the prevailing rule and to permit a mere violation of the FBPA to trigger the commencement of the limitations period, it could have specified that, for purposes of the statute of limitations, the FBPA action would accrue immediately upon occurrence of the violation. See OCGA § 9-3-29.

" '[T]he true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result. . . .' [Cit.]" *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, supra. Instead of determining when Tiismann could first have succeeded with respect to every essential

element of his FBPA claim, the Court of Appeals considered only the timing of the alleged violation. Pursuant to the language of OCGA § 10-1-399 (a), however, "a private FBPA claim has three elements: a violation of the Act, causation, and injury." *Zeeman v. Black*, 156 Ga. App. 82, 86-87 (273 SE2d 910) (1980) (also holding that the reliance element of common law misrepresentation is incorporated into the causation element of an individual FBPA claim). See also *Campbell v. Beak*, 256 Ga. App. 493, 497-498 (4) (568 SE2d 801) (2002). OCGA § 10-1-399 (a) "requires that the consumer 'suffer injury or damages' by the commission of an unfair or deceptive act, which would necessarily be attended by some reprehensible conduct on the part of the defendant. [Cit.]" *Standish v. Hub Motor Co.*, 149 Ga. App. 365, 366 (254 SE2d 416) (1979). The Court of Appeals " 'has consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of actual injury suffered.' [Cit.]" *Campbell v. Beak*, supra at 498 (4).

The FBPA does not permit recovery of nominal damages. *Agnew v. Great Atlantic & Pacific Tea Co.*, 232 Ga. App. 708, 710 (1) (502 SE2d 735) (1998). "[E]ven an award for general damages under the FBPA is *limited* to those damages that can be measured by 'actual injury suffered,' and the general provisions of OCGA § 51-12-2 are not applicable." (Emphasis in original.) *Regency Nissan v. Taylor*, 194 Ga. App. 645, 649 (4) (391 SE2d 467) (1990). Claims under the FBPA for equitable relief, exemplary damages, treble damages, and attorney's fees are dependent on actual injury or damage resulting from a violation of the Act. *Agnew v. Great Atlantic & Pacific Tea Co.*, supra at 710 (1).

> Although the FBPA must be interpreted and construed consistently with . . . federal case law, such a construction does not override the express provisions of the statute which the Georgia legislature enacted. [Cits.] Misleading business practices in the marketplace do not necessarily cause measurable or compensable legal injury or give rise to a private right of action.

*Agnew v. Great Atlantic & Pacific Tea Co.*, supra at 711 (2) (noting that the Consumer Advisory Board, in response to consumer complaints, "may take steps to facilitate investigation and corrective action, including cease and desist orders or civil penalties, 'whether or not any person has actually been misled.' [Cits.]").

The alleged misleading business practice which consisted of contractual language used by LMH did not alone give Tiismann a private FBPA action or cause him measurable or compensable legal damages. Tiismann clearly did not suffer any actual damages at the

time of the alleged FBPA violation. He could not have suffered any such damages at least until LMH conveyed the house to him without complying with code requirements or used the contractual language in question to deny liability. Therefore, Tiismann's cause of action under the FBPA did not accrue until less than two years prior to the date he filed suit. Accordingly, the statute of limitations did not bar his claim, and the grant of summary judgment in favor of LMH based on OCGA § 10-1-401 (a) (1) was erroneous. To the extent that *Greene v. Team Properties*, 247 Ga. App. 544, 545 (1) (544 SE2d 726) (2001) is inconsistent with our opinion, it is hereby overruled.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Weizenecker, Rose, Mottern & Fisher, Vaughn W. Fisher, Jr., Kimberly K. Perez, Mark F. Dehler, Womble, Carlyle, Sandridge & Rice, Frank G. Goldman*, for appellant.

*Michael A. Kessler, Barry W. Reid*, for appellee.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Assistant Attorney General*, amici curiae.