**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 10, 2014**

# In the Court of Appeals of Georgia

A14A1767. GEORGIA REGIONAL TRANSPORTATION JE-090
AUTHORITY v. FOSTER.

ELLINGTON, Presiding Judge.

Pursuant to a granted application for interlocutory appeal, the Georgia Regional Transportation Authority ("GRTA") appeals from an order of the State Court of Fulton County denying GRTA's motion for judgment on the pleadings, contending that the instant action is time-barred because it was filed outside the applicable limitation period. Because the trial court erred in denying GRTA's motion for the reasons set forth below, we reverse.

The facts relevant to this appeal are undisputed.[1] Plaintiff Dana Foster's tort claim arises from an incident that occurred on August 16, 2011, when she was a passenger on a GRTA bus. Foster alleges that the driver accelerated suddenly and unexpectedly, causing her to fall and suffer injuries. On February 10, 2012, Foster sent notice of her claim to GRTA and the Risk Management Division of the Georgia Department of Administrative Services. There is no evidence that the State responded to the ante litem notice. On September 18, 2013, more than two years after the incident giving rise to her claim, Foster filed the instant personal injury suit against GRTA.

GRTA moved for judgment on the pleadings, arguing that Foster's lawsuit was time-barred because it had been filed after the running of the two-year statute of limitation applicable to tort claims brought against the State, OCGA § 50-21-27 (c).[2] Foster concedes that her complaint was filed outside the two-year period, but

---

[1] "When a question of law is at issue, such as whether the statute of limitation bars an action, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation and punctuation omitted.) *Harpe v. Hall*, 266 Ga. App. 340 (596 SE2d 666) (2004).

[2] "For tort claims and causes of action which accrue on or after July 1, 1992, any tort action brought pursuant to this article is forever barred unless it is commenced within two years after the date the loss was or should have been discovered."

contends that the running of the limitation period was tolled pending the State's response to her ante litem notice of claim, pursuant to OCGA § 36-33-5 (d)[3], a tolling provision which expressly pertains to suits against municipal corporations. Foster argues that OCGA § 36-33-5 (d) applies to claims brought against the State under the Georgia Tort Claims Act ("GTCA") by virtue of this provision of the GTCA: "All provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code, shall apply to causes of action brought pursuant to [the GTCA]." OCGA § 50-21-27 (e). Foster argues that the plain language of this provision means that any tolling provision found in any title of the Georgia Code applies to claims brought under the Act. We disagree.

"Although appellate courts generally do not construe statutory language that is plain and unequivocal, judicial construction is required when words construed literally would defeat the legislature's purpose." (Punctuation and footnote omitted.) *Echols v. Thomas*, 265 Ga. 474, 475 (458 SE2d 100) (1995).

> [I]n construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the

---

[3] "The running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part."

legislative intent from the statute as a whole. Different parts of a statutory scheme should be read in a manner that renders them consistent and harmonious.

(Citations and punctuation omitted.) *Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 414-415 (1) (664 SE2d 788) (2008). Additionally, "[i]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." (Citation and punctuation omitted.) *Cellular One v. Emanuel County*, 227 Ga. App. 197, 200 (489 SE2d 50) (1997).

Although the GTCA allows the State to be sued for its torts "in the same manner as a private individual or entity,"[4] this waiver of sovereign immunity is limited and applies "only to the extent and manner provided in [the GTCA]."[5] "Thus,

---

[4] OCGA § 50-21-23 (a) provides, in relevant part:
The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in [the GTCA].

[5] OCGA § 50-21-23 (b) provides, in relevant part: "The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and

the [GTCA], by its own terms, must be strictly construed." *Howard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997). So viewed, OCGA § 50-21-27 (e) allows for the application of tolling provisions found elsewhere in the Code to the GTCA *only* if those tolling provisions can be harmonized with the express purposes of the GTCA.[6]

The tolling provision of OCGA § 36-33-5 (d) is found in Title 36, pertaining to "Local Government," in a subpart entitled "Local Government Provisions applicable to Municipal Corporations Only." "Although captions of Code sections are not part of the law[,]" they are often useful to "give[] some idea of the General Assembly's intent." (Citations omitted.) *Balkcom v. State*, 227 Ga. App. 327, 331 (489 SE2d 129) (1997). And, in this case, the Code's captions accurately reflect that the tolling provision was not intended to apply outside the confines of its Title, Subpart, and Chapter for the following reasons.

---

only with respect to actions brought in the courts of the State of Georgia."

[6] See, e.g., *State v. Sylvester*, 252 Ga. App. 31, 32 (555 SE2d 740) (2001) (concerning the application of the renewal statute, OCGA § 9-2-61, to actions brought under the GTCA); *Howard v. State of Ga.*, 226 Ga. App. at 545-547 (2) (concerning the application of OCGA § 9-3-90 (a), pertaining to the tolling of limitation periods during a claimant's legal incompetency, to the GCTA).

Chapter 33 of Title 36, entitled "Liability of Municipal Corporations for Acts or Omissions," provides that municipal corporations[7] must respond to ante litem notices of claim within 30 days. OCGA § 36-33-5 (c).[8] It also provides that "[n]o action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." OCGA § 36-33-5 (b). Thus, the tolling provision of OCGA § 36-33-5 (d) provides a remedy and protects a claimant in those cases where the municipal corporation has failed to respond to a timely filed notice of a claim for damages. The tolling provision is meant to encourage municipalities to comply with this deadline and to facilitate the prompt settlement of claims without suit. See *City of Rome v. Rigdon*, 192 Ga. 742, 746 (16 SE2d 902) (1941).

---

[7] Although the phrase "governing authority" is used in OCGA § 36-33-5 (c), it is clear from OCGA §§ 36-33-5 (a) and (b) that the governing authority is an authority within a "municipal corporation." The term "municipal corporations" includes cities, towns, villages, and municipalities – as opposed to counties or states. Compare OCGA §§ 36-30-1 and 36-1-1 with OCGA § 50-21-22 (5) ("'State' . . . does not include counties, municipalities, school districts, other units of local government, hospital authorities, or housing and other local authorities.")

[8] "Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation; and the action of the governing authority, unless it results in the settlement thereof, shall in no sense be a bar to an action therefor in the courts."

The GTCA, on the other hand, imposes no deadline for the State to respond to ante litem notices; in fact, it requires no response at all. See OCGA § 50-21-26 (b).[9] Instead, if the State fails to respond within the time allotted, the statute authorizes the complainant to file suit. See id. Because there is no obligation on the State to respond to an ante litem notice, the State's "failure" to respond requires no remedy. Rather, the GTCA squarely places the burden on the complainant to timely file suit within the limitation period, even though a notice of claim remains pending. OCGA § 50-21-27 (c).

Thus, applying OCGA § 36-33-5 (c) to the GTCA would impose an obligation on the State to respond where none exists and thwart the legislature's intent that tort claims be filed against the State within two years or they are "forever barred." Id. Consequently, we hold that the tolling provision of OCGA § 36-33-5 (d) cannot be harmonized with the GTCA and, thus, has no application to suits brought pursuant to the GTCA, notwithstanding the language of OCGA § 50-21-27 (e). Absent the application of this municipal tolling provision, the record before us shows that

---

[9] "No action may be commenced under this article following presentation of a notice of claim until either the Department of Administrative Services has denied the claim or more than 90 days have elapsed after the presentation of the notice of claim without action by the Department of Administrative Services, whichever occurs first."

7

Foster's complaint is time-barred; therefore, the trial court erred in denying GRTA's motion for judgment on the pleadings. OCGA § 50-21-27 (c).

*Judgment reversed. Phipps, C. J., concurs. McMillian, J., concurs in judgment only.*

A14A1767.    GEORGIA    REGIONAL    TRANSPORTATION
AUTHORITY v. FOSTER

McMILLIAN, Judge, concurring in judgment only.

While I concur with the result reached by the majority in this case, I do not agree with all that is said. Accordingly, I concur in the judgment only.[1]

---

[1] "If an appeal is decided by a Division, a judgment in which all three judges fully concur is a binding precedent; provided, however, an opinion is physical precedent only with respect to any Division of the opinion for which there is a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said." Court of Appeals Rule 33 (a).