In the Supreme Court of Georgia

Decided:   September 14, 2015

S15G0321. FOSTER v. GEORGIA REGIONAL
TRANSPORTATION AUTHORITY.

BLACKWELL, Justice.

Dana Foster sued the Georgia Regional Transportation Authority under the provisions of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., alleging that the Authority is liable in tort for injuries that she sustained while riding as a passenger on its bus. The Authority moved for judgment on the pleadings, noting that the period of limitation for a claim under the Tort Claims Act is two years, see OCGA § 50-21-27 (c), and Foster filed her lawsuit more than two years after she sustained the injuries in question.[1] Foster, however, had given ante litem notice of her claim to the Authority and the Department of Administrative Services as required by the Tort Claims Act, see OCGA § 50-21-26 (a), and she argued that the period of limitation was tolled for so long as her

_____

[1] Foster allegedly was injured on an Authority bus on August 16, 2011. She filed her lawsuit on September 18, 2013.

notice of claim was pending.[2] In support of this argument, Foster pointed to OCGA § 50-21-27 (e), which provides that "[a]ll provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code, shall apply to causes of action brought pursuant to [the Tort Claims Act]," and OCGA § 36-33-5 (d), which provides that "[t]he running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part." The trial court denied the motion for judgment on the pleadings, and the Authority took an interlocutory appeal.

Concluding that the tolling provision of OCGA § 36-33-5 (d) has no application to a claim asserted under the Tort Claims Act, the Court of Appeals reversed. Ga. Regional Transp. Auth. v. Foster, 329 Ga. App. 258, 261 (764 SE2d 862) (2014). To reach this conclusion, the Court of Appeals in its opinion examined at length what it perceived as the legislative purpose underlying the Tort Claims Act, and it reasoned that OCGA § 36-35-5 (d) would "thwart the

---

[2] Foster gave ante litem notice in February 2012, well within the two-year period of limitation, and it appears that the State may never have responded to the notice. In any event, no one disputes that, if the pendency of the notice of claim tolled the period of limitation, the statute of limitation would not bar this lawsuit.

legislature's intent" and "cannot be harmonized with the [Tort Claims Act]."[3] Id. We issued a writ of certiorari to review the decision of the Court of Appeals, and although our analysis differs from that of the Court of Appeals, we conclude that the Court of Appeals reached the right result. Accordingly, we affirm its judgment.

As we have explained before, when we read statutory text, "we must presume that the General Assembly meant what it said and said what it meant," Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted), and so, "we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." FDIC v. Loudermilk, 295 Ga. 579, 588 (2) (761 SE2d 332) (2014) (citation and punctuation omitted). According to OCGA § 50-21-27 (e), "[a]ll provisions relating to the tolling of limitations of actions, *as provided elsewhere in this Code*, shall apply to causes of action brought pursuant to [the Tort Claims Act]." (Emphasis supplied.) The statute means just what it says: statutory tolling provisions apply to claims under the Tort Claims Act in the same way, in the

---

[3] Judge McMillian concurred in judgment only and did not join the opinion of the Court of Appeals. See Foster, 329 Ga. App. at 261 (McMillian, J., concurring).

3

same manner, and to the same extent that those provisions would apply to claims not brought under the Tort Claims Act.[4] If a tolling provision otherwise would apply to a particular claim, it applies notwithstanding that the claim is subject to the Tort Claims Act. The question in this case, therefore, is whether the tolling provision of OCGA § 36-33-5 (d) applies by its own terms to the claim that Foster asserts against the Authority.

That provision speaks of tolling a period of limitation "during the time that *the* demand for payment is pending before *such* authorities without action on their part." OCGA § 36-33-5 (d) (emphasis supplied). The statutory references to "demand for payment" and "authorities" are particularized; the statute clearly means to refer to some specific "demand for payment" and particular "authorities." And the context of subsection (d) — in particular, the other provisions of OCGA § 36-33-5 — reveals the specific "demand for

---

[4] See 1 New Shorter Oxford English Dictionary, p. 123 (1993 ed.) (when used as a relative adverb or conjunction, dealing with quality or manner, the primary meaning of "as" is "[i]n the way or manner that; to the same extent that; in proportion as; according as" when used without an antecedent like "so" in a subordinate clause, or "[i]n the same way as, as if, as it were; after the manner of; in the likeness of; like" when used in a phrase with part of the subordinate clause understood); American Heritage Dictionary of the English Language, p. 106 (3d ed. 1992) (when used as a conjunction, "as" can mean "[i]n the same manner or way that").

4

payment" and "authorities" to which subsection (d) refers. See Smith v. Ellis,

291 Ga. 566, 573 (3) (a) (731 SE2d 731) (2012) ("In construing statutes . . . we

do not read words in isolation, but rather in context." (Citations omitted)). See

also May v. State, 295 Ga. 388, 391-392 (761 SE2d 38) (2014) ("For context,

we may look to the other provisions of the same statute, the structure and history

of the whole statute, and the other law — constitutional, statutory, and common

law alike — that forms the legal background of the statutory provision in

question." (Citations omitted)). As a whole, OCGA § 36-33-5 concerns claims

against municipal corporations.[5] Subsection (a) generally requires ante litem

---

[5] In its entirety, OCGA § 36-33-5 provides as follows:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section.

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

(c) Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation; and the action of the governing authority, unless it results in the settlement thereof, shall in no sense be a bar to an action therefor in the courts.

(d) The running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities

5

notice for any "claim for money damages against any municipal corporation on account of injuries to person or property." Subsection (b) concerns the time and manner in which the notice must be presented to "the governing authority of the municipal corporation." Subsection (c) requires the governing authority to "consider and act upon the claim." Subsection (e) concerns the content of the notice of claim, and it requires that the notice "include the specific amount of monetary damages being sought." And subsection (f) requires service of the notice of claim upon "the mayor or the chairperson of the city council or city commission, as the case may be." When subsection (d) speaks of tolling "during the time that the demand for payment is pending before such authorities without action on their part," it means "during the time that the demand for payment [for

without action on their part.
     (e) The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.
     (f) A claim submitted under this Code section shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery.

6

a claim against a municipal corporation] is pending before [the governing authority of that municipal corporation] without action on [its] part."

By its own terms, OCGA § 36-33-5 (d) permits the tolling of the period of limitation only for claims against municipal corporations. The Authority is not a municipal corporation, and for that reason, OCGA § 36-33-5 (d) does not apply to any claim against the Authority, whether under the Tort Claims Act or otherwise.[6] The Court of Appeals correctly reversed the denial of the motion for judgment on the pleadings, and the judgment of the Court of Appeals is affirmed.

Judgment affirmed. All the Justices concur.

_____

[6] Foster points to an opinion in which the Court of Appeals, citing OCGA § 36-33-5 (d), said that "giving ante litem notice under the statute involved in Howard [v. State of Ga., 226 Ga. App. 543 (487 SE2d 112) (1997),] automatically tolls the running of the statute of limitation while the demand for payment is pending." Greene v. Team Properties, 247 Ga. App. 544, 547 (2) (544 SE2d 726) (2001), overruled on other grounds, Tiismann v. Linda Martin Homes Corp., 279 Ga. 137, 140 (610 SE2d 68) (2005). The "statute involved in Howard," Foster argues, can only refer to the Tort Claims Act because Howard was a case brought against the State of Georgia under the Tort Claims Act. That may be so, but the statement in Greene about Howard and OCGA § 36-33-5 (d) was dictum, and in any event, it is wrong. To the extent that Greene suggests that the tolling provision of OCGA § 36-33-5 (d) applies to any claims other than those against municipal corporations, we disapprove it.