[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13003

Non-Argument Calendar

_____

TERRY RIGGINS,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA,
MICHAEL GEISLER,
in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-05085-JPB

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Riggins appeals the summary judgment against her amended complaint of retaliation in violation of the Georgia Whistleblower Act. *See* O.C.G.A. § 45-1-4(d). Riggins has abandoned any challenge she could have made to the dismissal of her complaint of a violation of her right to free speech under the First Amendment, *see* 42 U.S.C. § 1983, and the summary judgment against her complaint of fraud. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). The district court ruled that Riggins's complaint of retaliation was untimely. *See id.* § 45-1-4(e)(1). We affirm.

Riggins worked in the Department of Watershed Management for the City of Atlanta. After the Department combined its sewer and water departments, some City employees complained to officials and to Riggins about potential contamination of the clean water system. Riggins failed to report her concerns to a supervisor and repeated the second-hand information during a meeting of the City Council on March 17, 2014. Riggins stated that wastewater employees who had been reassigned to the clean water department failed to disinfect the gloves, uniforms, and tools they had used while working on the sewer system and possibly introduced blood-borne pathogens into the drinking water.

On June 12, 2014, an investigator interviewed Riggins. The investigator questioned Riggins about the water systems and the remarks she had made during the council meeting. Riggins remarked that the interview was "hostile" and, approximately two hours into the interview, she asked for a restroom break, called an attorney, and refused to proceed until counsel was present to assist her.

The City mailed Riggins three disciplinary letters. On August 15, 2014, the City notified Riggins that she was being placed on administrative leave for the duration of the water contamination investigation and faced termination for misconduct, which included "engaging in offensive conduct or language toward the public, supervisory personnel or fellow employees," and "[w]illful making of false statements . . . ." City of Atlanta Code of Ordinances, Ch. 114, art. VI, Div. 3, § 114-528(b)(4), (12), (20). On October 23, 2014, the City rescinded its August notice and informed Riggins that she was fired effective November 7, 2014, for making false statements during her interview in June. *See id.* On November 3, 2014, the City sent a final notice that changed the effective date of Riggins's termination to November 11, 2014. *See id.*

On November 6, 2014, Riggins appealed to and requested a hearing before the Civil Service Board. On August 6, 2015, the City replaced its Chief Operating Officer, Michael Geisler, with an interim officer, and Riggins learned she had been fired for her remarks during the Council meeting. On November 11, 2015, Riggins sued the City and Geisler in a Georgia court, but in 2018, she

voluntarily dismissed the action after the Board modified her discipline from termination to a 30-day dismissal.

On November 3, 2018, Riggins filed in the district court a complaint, which she later amended, that alleged she had been fired "in retaliation for making disclosures protected under O.C.G.A. § 45-1-4." Riggins alleged that she was fired because "her statements led to the public exposure of potentially hazardous and illegal practices of the Department of Watershed and [the] City of Atlanta." She also alleged that the City and Geisler "intentionally misled [her] by not informing her of the conduct that prompted [the] decision to terminate."

The City and Geisler moved for summary judgment, which the district court granted. The district court ruled that Riggins's cause of action for retaliation accrued on November 3, 2014, and the one-year statute of limitation expired before she commenced an action against the defendants. The district court rejected Riggins's argument to toll the statutory period on the ground that the City and Geisler concealed the reason for her termination.

We review *de novo* a summary judgment. *See Pelaez v. Gov't Emps. Ins. Co.*, 13 F.4th 1243, 1249 (11th Cir. 2021). We view the facts and draw all reasonable inferences from those facts in Riggins's favor. *See id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

21-13003                Opinion of the Court                5

The Georgia Whistleblower Act prohibits a public employer from "retaliat[ing] against a public employee for disclosing a violation of or noncompliance with a law, rule, or regulation . . . unless the disclosure was made with knowledge that [it] was false or with reckless disregard for its truth or falsity." O.C.G.A. § 45-1-4(d)(2). The Act also prohibits retaliation "against a public employee for objecting to, or refusing to participate in, any activity, policy, or practice . . . [that she] has reasonable cause to believe is in violation of or noncompliance with a law, rule, or regulation." *Id.* § 45-1-4(d)(3). An employee must commence an action "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier." *Id.* § 45-1-4(e)(1).

A cause of action for retaliation accrues "when the [employee] could first have maintained [her] action to a successful result." *Tuttle v. Ga. Bd. of Regents of Univ. Sys. of Ga.*, 756 S.E.2d 585, 588 (Ga. Ct. App. 2014) (quoting *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, 604 S.E.2d 303, 305 (Ga. Ct. App. 2004)). An employee can maintain an action after she discovers that her employer has "made a definitive decision to take adverse action against [her]." *Albers v. Ga. Bd. of Regents of Univ. Sys. of Ga.*, 766 S.E.2d 520, 525 (Ga. Ct. App. 2014). And "ignorance of the facts constituting [the] cause of action does not prevent the running of the statute of limitation, for a plaintiff must exercise reasonable diligence to learn of the existence of a cause of action." *Tuttle*, 756 S.E.2d at 588 (quoting *Sandy Springs*, 604 S.E.2d at 305).

The district court did not err when it entered summary judgment against Riggins's complaint of retaliation as untimely. Riggins's cause of action accrued on November 3, 2014, when she received final notice of her termination. It matters not whether Riggins knew the termination was based on her remarks during the council meeting in March 2014 instead of her conduct during her interview in June 2014. Because the one-year statute of limitation elapsed before Riggins filed her action, her complaint was untimely.

We **AFFIRM** the summary judgment in favor of the City and Geisler.